THE PEOPLE OF THE STATE OF NEW YORK ex rel. GEORGE A. McMANUS, Respondent, v. THE WARDEN OF THE CITY PRISON, Defendant.

THE PEOPLE OF THE STATE OF NEW YORK, Appellant.

First Department, June 7, 1929.

*Felix C. Benvenga, Assistant District Attorney*, of counsel [*Robert C. Taylor, Assistant District Attorney*, with him on the brief; *Joab H. Banton, District Attorney*], for the appellant.

*James D. C. Murray* of counsel [*Sidney S. Meyers* with him on the brief; *Murray & Meyers*, attorneys], for the respondent.

McAvoy, J. The People of the State of New York appeal from an order which dismissed a writ of habeas corpus on condition that the indictment against the relator be tried within sixty days from January 25, 1929; and also from the order made in March, 1929, admitting the relator to bail in the sum of $50,000.

Relator was indicted on December 4, 1928, charged with murder in the first degree. On December twentieth he moved for an inspection of the grand jury minutes. This motion was denied. Relator then pleaded not guilty. On January 11, 1929, he moved to have the indictment brought to trial, or that it be dismissed for failure to prosecute. This was also denied, without prejudice to renewal. On or about January 25, 1929, he sued out this writ of habeas corpus. He had then been in jail nearly two months, having surrendered on November 27, 1928.

In his petition for the writ he asked to be admitted to bail pending the trial, and stated that, although one term of the court had passed since the indictment and he had moved for a trial of the issues, his motion and demand for trial had been denied by the court, and that the People had stated in open court that no

definite date would be fixed for the trial, and that a tentative date for such trial was indefinite and undetermined.

We think that under these circumstances the discretion of the court below to admit to bail was properly exercised, and the sole question now here is one of power.

The district attorney claims that the Supreme Court is without power to admit to bail in a prosecution pending in the Court of General Sessions when the Court of General Sessions is actually sitting, it being contended that relator has an adequate remedy at law in an application to the Court of General Sessions, either for a dismissal of the indictment for lack of prosecution, or for bail pending the trial. This contention ignores the provisions of section 22, subdivision 8, of the Code of Criminal Procedure (as amd. by Laws of 1895, chap. 880), which gives the Supreme Court jurisdiction to let to bail any person committed, before and after indictment found upon any criminal charge whatever.

While section 559 of the Code of Criminal Procedure provides that after the return of the depositions and statements to the court, i. e., such depositions and statements as are taken by a magistrate, a person may be admitted to bail only by a judge presiding in the court in which the crime is triable, if it be sitting; or, if not, by one of the magistrates mentioned in subdivision 2 of section 557,* these magistrates being a justice of the Supreme Court or a judge of the Court of General Sessions, such provision is not restrictive of the general power granted in section 22 to the Supreme Court.

The contention is urged that, while the Supreme Court is given power to let to bail any person before and after indictment on any criminal charge whatever, nevertheless this power cannot be exercised by a justice of the Supreme Court, and may only be exercised when a criminal term of the Supreme Court is in session and a justice is assigned to hold or proceed therein; that when there is no Supreme Court in actual session in the criminal branch to hear and determine issues and with incidental power to let to bail pursuant to section 22, there must be a special assignment of a justice to the criminal branch to hold what was formerly the Court of Oyer and Terminer and Gaol Delivery before bail may be allowed. This contention appears to us to be without any foundation. The Supreme Court in its criminal jurisdiction is not subject to the effect of an assignment of a justice to hold a criminal term. All the incidental jurisdiction of the court on motion or on writs is exercisable at the Special Term in the absence of a

---

* Section has not been subdivided since 1882. (See Laws of 1882, chap. 360, and Laws of 1926, chap. 419, amdg. said § 557.)— [Rep.

justice especially assigned to hold the Criminal Term. The general criminal jurisdiction of the Supreme Court is not suspended by the absence of a justice holding either an extraordinary criminal or regular criminal Trial Term. It is also contended that while the writ is allowable when the court in which the crime is triable is not in session or when there is no other adequate remedy at law to admit to bail, yet such a writ should not be issued unless a previous motion for admission to bail is made in the Court of General Sessions while sitting when the indictment is found therein.

We think that this proposed proceeding is not a complete remedy in view of the fact that no appeal would lie from the refusal of the Court of General Sessions to admit to bail, and the defendant might be kept in jail indefinitely if refusal was made to admit to bail. If the rule were adopted that application should first be made to the Court of General Sessions for bail, and, if it refuses release on bail, a writ of habeas corpus might then be sought, the Supreme Court might under the rule of orderly procedure on a writ of habeas corpus, refuse to admit the defendant to bail, since then it might not be considered consistent with propriety and orderly practice for one judge to review a co-ordinate judge's decision on a matter directly decided by him. So that, where it appears that the district attorney will not bring the party to trial and the court refuses to dismiss the indictment for failure to prosecute, and an inspection of the grand jury minutes is not granted so as to move to dismiss the indictment therein because of lack of evidence sustaining the charge, a failure to make the motion for admission to bail in the Court of General Sessions cannot be considered as improper practice. The practice here adopted gives the defendant a more adequate remedy than is given by applying for bail in the Court of General Sessions, from which no appeal lies. Under the practice followed here, if no application is made to the Court of General Sessions, and a writ of habeas corpus is then sued out to fix bail on the ground of illegal detention based on an unreasonable refusal to set a time for trial, and the court at Special Term refuses to admit to bail, an appeal from the order refusing to sustain the writ would lie to this court and a review be had both of the exercise of the discretion of the court at Special Term and of the legality of its refusal.

We think that the application was properly made in the Supreme Court for a writ of habeas corpus, and that discretionary power was properly exercised in allowing the district attorney a reasonable period under the circumstances in which to bring the party to trial, and that the orders should be affirmed.

DOWLING, P. J., FINCH, MARTIN and O'MALLEY, JJ., concur. Orders affirmed.