THE PEOPLE OF THE STATE OF NEW YORK ex rel. ALEXANDER ACKERSON, Relator, *v.* THE WARDEN OF THE CITY PRISON, KINGS COUNTY, Respondent.

Supreme Court, Special Term, Kings County, December 18, 1937.

*Walter R. Hart*, for the relator.

*William F. X. Geoghan, District Attorney*, for the respondent.

MACCRATE, J. Writ sustained and defendant admitted to bail in the sum of $2,000 on each of the first three indictments and $1,500 on the fourth. New bonds must be furnished. On this application for the release of the prisoner it must be assumed that when the former writ was here the court acted legally. Both the People and the defendant accepted the decision. The County

Court recognized its validity by permitting the defendant to remain on bail under that decision. During a period of ten months the case was on the calendar for trial several times, and on each occasion was adjourned. The County Court, by its own calendar, was apprised of the fact that the defendant was on bail. It is undisputed that solely through inadvertence the case came on the last time without giving agreed notice to defendant's counsel, and that the defendant was produced by counsel shortly after court opened on the day for which the case had been noticed. The learned county judge frankly recognized that no ground for forfeiture was present, and based the revocation of bail solely on the ground that he had denied bail when the defendant was arraigned to plead to the indictments. But sections 593 *et seq.* of the Code of Criminal Procedure state the grounds on which bail may be revoked in the court where an indictment is pending, and it is specifically provided that an order of the court spread on its minutes shall reveal the reason for revocation. There is no such order here. The ground on which revocation was based is not one set forth in the aforesaid sections. On such a state of facts it could be urged that discussion herein of the powers of the County Court and this court on matters of bail is unnecessary and, perhaps, mere dicta. But it should be noted that we have found no authority here or elsewhere which is contra to the conclusion reached by the learned county judge, viz., on a felony indictment where bail is denied as a matter of discretion by the court in which the indictment is pending, no court of co-ordinate jurisdiction should allow bail. The Code of Criminal Procedure, in declaring that bail on felony charges is discretionary but carries into effect what was always the law in this jurisdiction since the Colonial Assembly in the Charter of Liberties and Privileges of 1683, set forth: " That In all Cases whatsoever Bayle by sufficient Suretyes Shall be allowed and taken unlesse for treason or felony plainly and specially Expressed and menconed in the Warrant of Committment provided Alwayes that nothing herein contained shall Extend to discharge out of prison upon bayle any person taken in Execucon for debts or otherwise legally sentenced by the Judgment of any of the Courts of Record within the province."

Neither *People ex rel. McManus* v. *Warden of City Prison* (226 App. Div. 364) nor *People ex rel. Socha* v. *Warden of Raymond Street Jail* (235 id. 815) deal with a denial of bail by the court in which the indictment is pending. In the first case an examination of the record on appeal discloses no application in the Court of General Sessions for bail. The commitment of the defendant was by a justice of that court sitting as a magistrate before indictment.

In the *Socha* case bail had been fixed and then revoked by the same court without adequate reason. The Appellate Division presumably determined, as we have here, that when bail has been fixed revocation must be in accordance with statute. Nothing in that case suggests that it was intended to be held that a discretion exercised in denying bail should be upset on the hearing of a writ of habeas corpus. In addition to the authorities cited by the learned county judge, the appendix to 3 Hill, 635, may be consulted. Those who delight in ungloved judicial encounter may find pleasure in reading the last-cited volume as well as 26 Wend. 663. Much, also, as to the power to deny bail in felony cases is there contained. For the immediate matter we need, however, but to hold that when bail has been fixed on a writ of habeas corpus revocation can only be in accordance with the Code of Criminal Procedure. The Revised Statutes (Vol. 2 [2d ed.], pt. 3, chap. 9, tit. 1, art. 2, § 32 *et seq.*, p. 468) detailed the effect of discharge on a writ of habeas corpus, and we find no decision which has declared the discharge is less effective now than it was at the time of the Revised Statutes.