THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOSEPH GAGLIANO, Relator, against WARDEN OF CITY PRISON, Defendant.

Supreme Court, Special Term, New York County, January 6, 1947.

*Robert V. Santangelo* for relator.

*Frank S. Hogan, District Attorney (Joseph A. Sarafite* of counsel), for defendant.

GAVAGAN, J. This is a hearing upon a writ of habeas corpus issued out of this court by Theresa Capra, a sister of the relator Joseph Gagliano, wherein it is alleged that the said relator is illegally imprisoned and detained of his liberty in violation of section 5 of article I of the Constitution of the State of New York and Amendment Eighth of the Constitution of the United States.

The relator was arrested on December 17, 1946, upon charges of feloniously selling five ounces of heroin and conspiring to violate sections 1751 and 1751-a of the Penal Law and article 22 of the Public Health Law and to commit acts injurious to health and public morals. On December 18, 1946, the relator was duly indicted by the Grand Jury of the County of New York for each of the two crimes herein set forth. On December 19, 1946, the relator was duly arraigned before the Honorable FRANCIS L. VALENTE in Part I of the Court of General Sessions and interposed a plea of not guilty to the indictment. At the time of the arraignment the relator made an application for bail, which being opposed by the People an adjournment was had until the following day, to wit, December 20, 1946, when the presiding Judge after inquiry fixed bail for the relator in the amount of $150,000 and in an opinion found as follows: " In view of the extensive operations in which the defendant Gagliano appears to be implicated in the illicit traffic of drugs, the international ramifications of his operations, and the financial means of the defendant which might lead him to leave the jurisdiction, I believe that the interests of the People require that the defendant Gagliano be held in bail in sufficient amount."

Upon the return of the writ before me a full and extensive hearing was granted the relator and the People and I have inquired into the record furnished me upon the return of the writ by the office of the District Attorney of the County of New York.

At the very outset let it be pointed out that bail was not denied the relator but the claim is that the amount of bail fixed is excessive and in law a denial of the relator's constitutional rights and privileges. Section 5 of article I of the State Constitution prohibiting " Excessive bail " does not make manda-

tory the release of a defendant on bail in all cases. By statute in this State admission to bail before conviction is a matter of right in misdemeanor cases and a matter of discretion in all others. (Code Crim. Pro., §§ 552, 553; *People ex rel. Shapiro* v. *Keeper of City Prison*, 290 N. Y. 393; *People ex rel. Fraser* v. *Britt*, 289 N. Y. 614.)

The Supreme Court of this State has original jurisdiction to let.to bail any person committed, before and after indictment found upon any criminal charge whatever. Such jurisdiction is full and complete and can be exercised as to criminal cases pending in the Court of General Sessions. (*People ex rel. McManus* v. *Warden of City Prison*, 226 App. Div. 364.)

However, such jurisdiction is an original jurisdiction to grant or refuse bail in the first instance, not to review the prior exercise of similar jurisdiction by the Court of General Sessions. The question raised by the writ of habeas corpus before me is one requiring a review of the determination of a Judge of the Court of General Sessions in fixing bail. In such review, I am limited to a determination of whether or not the Court of General Sessions in the first instance exercised sound discretion in either fixing bail or denying bail *in toto*. I have reviewed *in extenso* the record presented to Judge FRANCIS L. VALENTE and I find no abuse of the discretion reposed in him and am constrained to hold that the constitutional rights of the relator were not invaded, impeded or denied.

Accordingly, the writ of habeas corpus is dismissed and the relator is remanded to the Warden of the City Prison in the borough of Manhattan, city of New York.