Regis O’Brien, J.
This is an application, hy means of a writ of habeas corpus, to review the decision of the Chautauqua County Judge, dated January 20, 1959, denying the relator’s request that he he admitted to hail and that the amount thereof be fixed. The decision also fixed the date of trial for the opening day of the next term of court, viz.: March 3, 1959. The attorney for the relator and the District Attorney stated that they are ready, and expect to proceed with the trial on that date.
The determination of the question of whether or not the prisoner should be admitted to bail is the prerogative of the court having jurisdiction of the matter, in this case the County Judge of Chautauqua County. While his determination may be reviewed, it cannot be upset unless there is a showing that he *660 acted arbitrarily, improvidently, or abused Ms discretion (People ex rel. Shapiro v. Keeper of City Prison, 290 N. Y. 393, 398-399).
At the cited pages, the Court of Appeals states: “ But an order denying bail is non-appealable (Code Grim. Pro., §§ 517, 566, supra) and so any attack on such a denial of bail must be by other means. The method is by resort to the prisoner’s separate and different right to test, by the ancient remedy of habeas corpus, the legality of his detention * * * [the prisoner] had a right to be heard in the Supreme Court on the return of his writ, and so the Special Term was not wholly without jurisdiction * * * But its inquiry was only as to the legality of the denial of bail, as to whether or not the denying Court [Court of General Sessions] has abused its discretion by denying bail without reason or for reasons insufficient in law.”
The decision of the Chautauqua County Judge enumerates the various reasons why he denied the application for bail.
The facts supporting the claim presented to this court are practically the same as those presented to the County Judge, which in effect makes tMs application an appeal from the decision of the County Court, which was rendered as a matter of discretion.
The record before this court does not warrant a finding that the County Judge abused his discretion.
Under the decision in the Shapiro case (supra) the court states that wMle an order denying bail is nonappealable by authority of any statutory law and may be tested by a writ of habeas corpus, as heretofore stated (p. 399): “ It does not
follow, however, that the court which entertained the writ could exercise an independent discretion as to bail. ’ ’
There being no showing of an abuse of discretion by the Chautauqua County Judge and this court being without power to exercise any independent discretion, the writ must be, and hereby is, dismissed.