Nathan R. Sobel, J.
This is an application for bail in a capital case. The case has been placed on my calendar for trial. In regular order, it cannot be reached for trial for nine months.
The sole and exclusive purpose of fixing bail is to assure the presence of the defendant in this court when the case is reached for trial. Bail has no other purpose. (People ex rel. Lobell v. McDonnell, 296 N. Y. 109.)
There is obviously a quite general misconception by the press and the public that a judge in fixing bail determines the probable guilt or innocence of a defendant. That is certainly not true. Under the law the defendant is presumed to be innocent. That is especially true when the bail application is made to the Trial Judge. In such a situation, the mere fixation of bail could constitute an expression of opinion by the judge as to the probable outcome of the trial. This he may not do at any stage before, during or even after the verdict.
It is true that bail is not commonly fixed in capital cases. This is solely due to the fact that homicides are commonly committed by persons with bad backgrounds and histories of irresponsibility. There is therefore too great a risk that such person will fail to appear for trial.
But the law provides that bail in capital cases is discretionary with the court. In a proper case, where the danger of the defendant absconding is small, the court should fix bail. A denial of bail could under certain circumstances constitute a violation of due process.
At the hearing the following pertinent facts were presented by counsel for the defendant.
“ The defendant is approximately thirty-one years of age. He is married and has four children. His wife is pregnant and *706 expects to give birth in or about October, 1960. The defendant has never been convicted of any crime.
“ The defendant was arrested on or about April 4, 1960 and charged with the crime of homicide in connection with the death of one Laura Hernandez, which occurred on March 27, 1960. He was indicted on July 1, 1960. He has continuously been in jail since March 27, 1960, making it extremely difficult for his counsel to prepare his defense.
1 ‘ At the time of the alleged crime, defendant was residing temporarily at the home of his mother-in-law at No. 645 Berriman Street, Brooklyn, New York. He had been residing there, together with his wife and family since October, 1959. Defendant’s permanent residence is at 233 E. 5th Street, New York, N. Y., where he has resided for the past twenty years, first with his father, and then upon his marriage, with his wife and family.
‘ ‘ Although he was unemployed for about one month at the time of his arrest, defendant has had an excellent work record. From approximately July, 1958 to February, 1960, defendant had been employed by Y. F. Brady, the operator of a Cities Gas Station and Garage, 600 Pelham Parkway South, Bronx, New York. Prior thereto, he was employed at the C & L Garage in Long Island City for approximately six months. Prior thereto he worked one year approximately in, two other garages. In 1955 and 1956 he worked for the Greyhound Bus Company in Long Island City as a mechanic. Previously he had been employed as a truck driver and taxicab driver.
“ During’ any hiatus between jobs, the defendant was in the business of selling scrap metal and junk.
“ The fact is that the defendant is a devoted family man who always kept himself gainfully employed and supported himself and his family.”
Counsel for the defendant argued with respect to the apparent nature and strength of the proof as indicating probability of acquittal. The Assistant District Attorney argued that the proof was sufficient to warrant a conviction. None of these arguments do I consider despite dicta in several opinions that these are circumstances which the court may consider in its discretion. It is my judgment that the court may consider the nature of the crime but not the strength or weakness of the People’s case.
On the basis of the argument, I have determined that bail is justified in this case for the sole reason that there is small probability that this defendant may abscond.
I turn now to the amount of bail.
*707 The Constitution states that bail may not be “ excessive ”. Excessive bail is for practical purposes no bail at all.
In this regard too there is a general misconception as to the purpose of bail. Bail may not be used to ‘ ‘ punish ” a defendant. Being presumed innocent, he is entitled to release on bail in a sum which he can furnish. Surety companies in the business of furnishing bail require in addition to the fees fixed by law, security from the defendant. Security in cash is required at least to the amount of the bail; in real estate at least values twice the amount of the bail. This presents little difficulty for the wealthy; it presents considerable difficulty for the poor.
The law does not favor the rich and discriminate against the poor. The law requires the court to consider the economic circumstances of the defendant in fixing bail.
On the basis of the information furnished to me on the argument, bail is fixed at $15,000.