Raymond E. Aldrich, Jr., J.
The defendant, Thomas Lee Henry, applies to this court by order to show cause and affidavit for an order reinstating the bail bond previously posted for him up to and including his time of trial when he was charged with the crime of assault in the second degree.
Some time after the posting, the defendant was indicted and after trial was convicted on the 12th day of December, 1967 of. such crime of assault in the second degree under indictment No. 103/67. When the jury rendered its verdict, the bail bond was exonerated by the Trial Judge, and the defendant was remanded.
Thereafter, the Public Defender’s office was assigned to prosecute an appeal on behalf of the defendant, which was done, and the Appellate Division reversed the conviction and ordered a new trial on the grounds of improper, illegal and prejudicial *523 introduction into evidence, over the defendant’s objection, of a butcher knife. (31 A D 2d 943.) The defendant now claims that the bond should be reinstated by virtue of the reversal of conviction, and the surety opposes the application.
The defendant claims, and the surety concedes, that he appeared and answered the charge in County Court, Dutchess County, and at all times rendered himself amenable to the order and process ef the court, and appeared for judgment and rendered himself in execution thereof; however, they differ as to the meaning of and significance, insofar as to relieve the surety, to be given to the original conviction, which has now been reversed, and the question is posed as to the legal effect of such reversal upon the present obligations of the surety under the original bail bond.
The terms and language of the undertaking are not in dispute, and are definite and not ambiguous, so the legal effect of the contract “ is a question of law to be determined by the court ’ ’ (Sinkwich v. Drew & Co., 9 A D 2d 42, 45).
Counsel has not presented to the court any case in which the precise question involved herein has been decided in New York, and as far as this court has been able to ascertain, the matter of reinstatement of bail after a reversal of conviction and judgment is one of first impression and novel in the criminal law of New York.
The form of a written undertaking is specifically prescribed by statute, section 568 of the Code of Criminal Procedure, which provides in part: ‘‘ that the abovenamed * * * shall at all times render himself amenable to the orders and process of the court; and, if convicted, shall appear for judgment and render himself in execution thereof ”.
Our statutory law further provides that ‘ ‘ When a new trial is ordered, it shall proceed in all respects as if no trial had been had ” (Code Crim. Pro., § 544).
In People v. MacGregor (147 App. Div. 488, 491) involving suit upon a bail bond in an instance where the defendant was convicted by the jury, the bail continued, and he was ordered to appear for sentence and judgment at a date in the future, but he failed to do so, the court held “ that the finding of the verdict did not affect the condition of the undertaking ” and.the sureties were not discharged from liability upon the finding of a verdict by the jury, but their obligation continued through rendition of sentence and judgment.
People v. Bowles (280 App. Div. 476), cited by the surety, is not dispositive of the question presented in the instant application in that the judgment of conviction in that case was con *524 sidered a final one, not one which was reversed so that the case was remanded for a new trial.
When the Appellate Division reversed this defendant’s conviction, he was “ deemed to be in precisely the same position as though there had been no trial ” (People v. Ercole, 4 N Y 2d 617, 620) and the judgment of conviction was as though it had never been (People v. Palmer, 109 N. Y. 413), and thereafter the defendant was entitled to treatment as an indicted person rather than as a convicted person, for he was restored to the same posture that he was in at the time of his indictment (People v. Porter, 37 Misc 2d 73; People v. Ressler, 47 Misc 2d 954).
This court will not presume to pass upon the wisdom of the Legislature in the enactment of criminal statutes in particular form and substance, or the reasons persuading that branch of our government to select particular phraseology in protecting and safeguarding the rights of our citizens.
This court believes a reasonable interpretation of section 568 of the Code of Criminal Procedure, and the wording of the undertaking, require the finding that the words ‘ ‘ if convicted, shall appear for judgment, and .render himself in execution thereof ” can only mean a conviction and judgment which is legal and final, and that such was the legislative intent. The right to bail is one of our most cherished rights, for no man should be illegally incarcerated and deprived of his freedom save through constitutional processes. Surely the Legislature intended that the above-quoted words of the statute would mean a conviction and judgment which is legal and valid, not one which has become a nullity by reversal, for a conviction and judgment reversed do not embrace ‘ ‘ ‘ the adjudication of guilt of the crime charged * * * ’ (People v. Sullivan, 3 N Y 2d 196, 198).” (People ex rel. Vischi v. Martin, 8 N Y 2d 63, 65.)
In ordinary parlance, a person may be considered convicted by the jury, but not until the final judgment is rendered is he convicted by law. At any time before final judgment is made, conclusively establishing a defendant’s guilt, it may turn out that he is not guilty. The words of Mr. Justice Clarke in his dissenting opinion in People v. Fabian (126 App. Div. 89, revd. 192 N. Y. 443) are cited with approval: “ ‘ where disabilities, disqualifications and forfeitures are to follow upon a conviction, in the eye of the law, it is that conviction which is evidenced by sentence and judgment, and that where sentence is suspended and so the direct consequences of fine and imprisonment are suspended or postponed temporarily or indefinitely, so also the indirect consequences are likewise postponed ’ ”. (People ex rel. Marcley v. Lawes, 254 N. Y. 249, 252.)
*525 Furthermore, this court is of the opinion that the surety on a bail bond is presumed to be mindful that a defendant may appeal as of right, and that in a case charging the commission of a felony, with its incidental sentence of prison confinement, that such an appeal is most likely to be taken. Such a surety, engaging in a business venture for profit, can expect that an appeal would ensue, or should expect it.
Section 568 of the Code of Criminal Procedure, and the giving of a bond thereunder, is construed to bind the defendant and his surety for his attendance upon the court until his acquittal or conviction and sentence upon final judgment. Accordingly, the bail bond is reinstated.