Raymond E. Aldrich Jr., J.
This is an application for bail in a capital case in which the defendant’s conviction by jury of the crime of murder in the first degree has been reversed by the Appellate Division, Second Judicial Department (33 A D 2d 560), and a new trial and a new hearing to determine the voluntariness of the defendant’s confession has been ordered.
The moving papers consist of the affirmation of the attorney representing the defendant, to which are attached a letter from the authorities of the Westfield State Farm, a letter from the defendant herself, and a certified copy of the order of reversal.
The attorney’s affirmation states that the defendant has an interest in sums of money on deposit derived from the sale of the home owned jointly by her and her deceased husband whom she is charged with having murdered, as well as the proceeds of two life insurance policies' held by the deceased husband, all aggregating in excess of $33,468.18, the exact amount unknown due to the uncertainty of the principal of the National Service Life Insurance, but all suggesting an amount sufficient to assure her presence at trial. The unsworn letters' from the prison authorities and the defendant attempt to portray the social behavior, mental attitude, capacities and capabilities *631 demonstrated by the prisoner since her confinement in November, 1965.
The District Attorney in his answering affidavit opposes any bail upon the basis of the nature of the charge, namely, murder in the first degree, and the fact that the reversal was solely on the law, the Appellate Division having affirmed the findings of fact of the trial court, which made this case one where the proof is evident and the presumption great that the defendant committed the murder of her husband. Upon the oral argument the prosecutor recommended $200,000 bail.
When this defendant’s conviction of the crime of murder in the first degree was reversed, her judgment of conviction and the record of her former trial became annulled as though they never had been (People v. Palmer, 109 N. Y. 413), and as a result of such legal nullity, this defendant has now been restored to and is deemed to be in precisely the same position that she was in before her trial took place (Code Crim. Pro., § 544; People v. Ercole, 4 N Y 2d 617; People v. Porter, 37 Misc 2d 73; People v. Henry, 59 Misc 2d 522), and she is not considered as having been convicted. This court holds accordingly that her application for bail should be considered in this light, notwithstanding the Appellate Division having affirmed the findings of fact of the trial court.
In New York State, admission to bail before conviction is a matter of right in misdemeanor cases and a matter of discretion in all other cases (Code Crim. Pro., § 552, 553; People ex rel. Shapiro v. Keeper of City Prison, 290 N. Y. 393; People ex rel. Lobell v. McDonnell, 296 N. Y. 109; People ex rel. Gagliano v. Warden of City Prison, 188 Misc. 800), however, in this instance where the charge is murder in the first degree, admission can only be allowed by a Justice of the Supreme Court or a Judge of the County Court of Dutchess County (Code Crim. Pro., § 552) in the exercise of his sound judicial discretion.
While the Legislature in its wisdom has given this court the discretionary power to refuse or allow bail to this defendant, such judicial authority cannot be performed arbitrarily. The right to bail is one of our most cherished rights, and the policy of our law from time memorable has always favored it. ‘ ‘ Denial of bail is no light matter, and needs to be buttressed by a real showing of reasons therefor ” (People ex rel. Shapiro v. Keeper of City Prison, supra, p. 398). (People ex rel. Wasmund v. McCloskey, 16 Misc 2d 659.)
The amount of bail save in a case of special circumstances warranting denial should be no more than is necessary to guarantee the accused’s presence at the trial, for such is the sole *632 and exclusive purpose of fixing bail (People ex rel. Lobell v. McDonnell, supra; People v. Rezek, 25 Misc 2d 705), and should be grounded upon factual determinations, some of which include: “ ‘ The nature of the offense, the penalty which may be imposed, the probability of the willing appearance of the defendant or his flight to avoid punishment, the pecuniary and social condition of defendant and his general reputation and character ’ ” (People ex rel. Lobell v. McDonnell, supra, p. 111).
In our era of amelioration of the criminal processes, this court believes that in an instance where the defendant has given reasons in favor of bail, not controverted, but insufficient in themselves to resolve the question, and where the People oppose bail, or recommend it in a sum far beyond the capacity of the defendant to provide, as shown in the moving papers, so as to be in .reality excessive (N. Y. Const., art. I, § 5), that the constitutional rights of the accused require that she then be afforded an immediate plenary hearing at which time she may present legal evidence on her own behalf showing that sufficient reasons exist to convince the court to exercise discretion so as to grant bail. Research by this court has failed to reveal a ease holding with the above postulation, although People ex rel. Singer v. Corbett (26 A D 2d 770) does hold that when “ an application for bail in a felony case is opposed by the People the court should hold a hearing ”. While this memoranda appellate decision is not necessarily controlling upon this court in the absence of a similar expression by the appellate court to which this court is answerable on appeal, the holding in the opinion is consistent with views heretofore outlined.
The reasons advanced in this case by the People, in their affidavit and on oral argument on the motion, in opposition to bail are unpersuasive. Likewise, this court is unable upon the moving papers to make a factual determination as to whether or not this accused should be admitted to bail at all, or if so, in what amount. Under such circumstances, as heretofore indicated, this accused will not be penalized by having her application denied and she will be granted a hearing. Such hearing must be a meaningful one, with an opportunity afforded her to present ■ evidence consisting of, but not limited to, her social history, her personal attitude toward society and government, her present psychiatric and psychological condition, her character and reputation, the state of her present health, her present ability to function appropriately in an orderly society, her family ties to the jurisdiction; or in other words, a full hearing from which the court can determine the questions of the propriety and amount of bail in fairness to the accused and *633 the People of the State of New York whose safety and welfare are equally paramount, since such cannot'in this instance be afforded upon motion papers, affidavits or unsworn memorandum where the makers thereof are not subject to the close scrutiny of court observation and adversary cross-examination.
Accordingly, this application is put on the Trial Calendar for immediate hearing so the court can decide whether or not the accused should be admitted to bail, and, if she should the amount thereof.