**Edward BOBICK, on behalf of Joseph Sapia, Petitioner,**

**v.**

**Peter SCHAEFFER as Warden of the Men's House of Detention, 125 White Street, New York, New York, Respondent.**

**No. 73 Civ. 4761 (MP).**

United States District Court, S. D. New York.

Nov. 16, 1973.

Frank S. Hogan, Dist. Atty., of New York County, by Peter K. Wilson, New York City, of counsel, for petitioner.

Bobick, Deutsch & Schlesser, New York City, by Melvyn Schlesser, New York City, of counsel, for respondent.

## MEMORANDUM

POLLACK, District Judge.

This is a petition for a writ of habeas corpus, brought by Edward Bobick, Esq., on behalf of his client, Joseph Sapia, pursuant to 28 U.S.C. § 2254. Sapia was arraigned in New York State Supreme Court, New York County, on September 20, 1973, on a charge of criminally selling dangerous drugs in the first degree, and two other lesser included narcotics charges. Bail was set by the Hon. Abraham Kalina at $250,000 on one charge, and $25,000 on the others; Sapia is currently being held in the custody of the respondent, the Warden of the Men's House of Detention at 125 White Street, in lieu of said bail. Urging that the amount of bail was unconstitutionally excessive, petitioner brings this application.

### Exhaustion of State Remedies

As in all cases under 28 U.S.C. § 2254, the threshold inquiry is whether there has been the appropriate exhaustion of available state remedies. *See* Darr v. Burford, 339 U.S. 200, 70 S.Ct. 587, 94 L.Ed. 761 (1950). Here, the relator Sapia has already attempted to have the bail determination overturned via state habeas corpus; that petition was summarily denied by Justice Kalina. An appeal from that decision was taken to the New York State Supreme Court, Appellate Division, First Department. At that time, petitioner also moved to be granted an appeal preference, in order to expedite his appeal. On October 23, 1973, the Appellate Division entered an order denying petitioner's motion for, as they termed it, "an order reducing relator-appellant's bail and granting a preference in the hearing of the appeal taken by relator-appellant . . .". The respondent has argued to this Court that the Appellate Division has thus made a final determination of the bail question, and that therefore immediate appeal to the New York Court of Appeals is available to petitioner.[1] Petitioner, on the other hand, contends that his appeal from Justice Kalina's decision denying the writ of habeas corpus still must be perfected by a full hearing in the Appellate Division, and that that appeal will now not be heard before the December 1973 term of that Court. Thus, it is argued that petitioner may be foreclosed by these time limitations from obtaining

1. N.Y.C.P.L.R. § 5602 (McKinney's Consol.Laws, c. 8, 1963).

the relief he seeks before trial of the underlying charges. 28 U.S.C. § 2254(b) seems to contemplate just such a situation in referring to "the existence of circumstances rendering such process ineffective to protect the rights of the prisoner" as an alternative to a showing that the remedies available in the courts of the state have been fully exhausted. This Court has strong doubts whether this petitioner has in fact fulfilled the exhaustion requirements of § 2254; however, for purposes of this application, petitioner will be deemed to have exhausted his state remedies. *See* United States ex rel. Shakur v. Commissioner of Corrections, 303 F.Supp. 303 (S.D.N.Y.1969), aff'd, 418 F.2d 243 (2d Cir. 1969), cert. denied, 397 U.S. 999, 90 S.Ct. 1144, 25 L.Ed.2d 408 (1970).

### The Merits of the Application

■ The law is clear that federal habeas corpus is available to test the constitutionality of the excessiveness—or denial—of bail by a state court to a prisoner awaiting trial. *See* In re Shuttlesworth, 369 U.S. 35, 82 S.Ct. 551, 7 L.Ed.2d 548 (1962); United States ex rel. Covington v. Coparo, 297 F.Supp. 203 (SDNY 1969). *See also* United States ex rel. Goodman v. Kehl, 456 F.2d 863 (2d Cir. 1972) (*dictum*). However, it is equally clear that a federal court will only inquire into whether the state judge's setting of bail is arbitrary or discriminatory or results in the denial of counsel or the denial of a fair trial. Bowring v. Cox, 334 F.Supp. 334 (W.D.Va.1971).

"Any other rule would not only commit the federal courts to the burdensome task of hearing evidence upon and setting bail *de novo* in a host of criminal cases, but also and much more intolerable, such a ·rule would authorize an unwarranted and unconstitutional encroachment upon the prerogatives of the states in the due administration of their processes of criminal justice." Simon v. Woodson, 454 F.2d 161, 165 (5th Cir. 1972).

Accordingly, the federal courts are not entitled to substitute their judgment for that of the state courts; the state judge's discretion will be accorded broad latitude. *See, e. g.,* Mastrian v. Hedman, 326 F.2d 708 (8th Cir. 1964), cert. denied, 376 U.S. 965, 84 S.Ct. 1128, 11 L.Ed.2d 982 (1964); Turco v. Maryland, 324 F.Supp. 61 (D.Md.1971), affirmed, 444 F.2d 56 (4th Cir. 1971); United States ex rel. Shakur v. Commissioner of Corrections, *supra*; Wansley v. Wilkerson, 263 F.Supp. 54 (W.D.Va.1967). "The extent of the power of this Court should be a determination of whether there has been any abuse of discretion, arbitrariness or discrimination which amounts to a transgression of the Fourteenth Amendment." Goodine v. Griffin, 309 F.Supp. 590 (S.D.Ga.1970). Here, the relator was arraigned on a 3-count narcotics charge, including one count charging him with the unlawful sale of more than two pounds of heroin. Bail was set at $275,000. New York has adopted a complex and exhaustive statute setting forth the factors to be considered on bail applications. That statute—N.Y.C.P.L. § 510.30 (McKinney's Consol.Laws, c. 11–A, 1971)—states, in pertinent part:

2. To the extent that the issuance of an order of recognizance or bail and the terms thereof are matters of discretion rather than of law, an application is determined on the basis of the following factors and criteria:

(a) With respect to any principal, the court must consider the kind and degree of control or restriction that is necessary to secure his court attendance when required. In determining that matter, the court must, on the basis of available information, consider and take into account:

(i) The principal's character, reputation, habits and mental condition;

(ii) His employment and financial resources; and

(iii) His family ties and the length of his residence if any in the community; and

(iv) His criminal record if any; and

(v) His previous record if any in responding to court appearances when required or with respect to flight to avoid criminal prosecution; and

(vi) If he is a defendant, the weight of the evidence against him in the pending criminal action and any other factor indicating probability or improbability of conviction; or, in the case of an application for bail or recognizance pending appeal, the merit or lack of merit of the appeal; and

(vii) If he is a defendant, the sentence which may be or has been imposed upon conviction.

■■ In the instant application, petitioner has failed to refute—or in some cases even recognize—many of these criteria. Petitioner does note that the relator is seeking extended visitation rights to his son, currently in the custody of his ex-wife; that factor leads him to conclude that "the relator is a responsible person with deep feelings of family ties and has considerable roots in the community." Furthermore, relator's past attendance record at previous court engagements is mentioned. However, the application is silent as to the details of those past criminal charges, the exact nature of the present charges, his employment record, or the variety of other criteria recognized by the statute. The amount of bail set cannot be viewed in a vacuum; it must be examined in the light of all the circumstances pursuant to New York's statute. In the instant case, the Court has examined the record of the bail hearing before Justice Kalina. That record indicates that the District Attorney represented to the Court that the relator was one of the major narcotics distributors in New York, selling in excess of 50 pounds of heroin per week; in addition, there was evidence of numerous visits to Puerto Rico and other areas outside this country. Furthermore, the District Attorney's office outlined the various types of evidence that would be introduced at the trial, and noted the strong likelihood of conviction and the subsequent range of penalties, namely 25 years to life imprisonment. Justice Kalina properly considered all these circumstances, along with Sapia's record of prior narcotics arrests, pursuant to C.P.L. § 510.30.[2] Accordingly, upon all the facts and circumstances before this Court, it cannot be said that Justice Kalina's fixing of bail at $275,000 was an unconstitutional or arbitrary abuse of his discretion.[3] The petition is dismissed.

So ordered.

2. Indeed, the District Attorney's office requested bail to be set at a total of $600,000, and has moved twice to increase the amount ultimately set by Justice Kalina.

3. It should be noted that over 25 years ago, the setting of bail at $150,000 by a New York court was upheld as reasonable in a case of feloniously selling heroin. People ex rel. Gagliano v. Warden of the City Prison, 188 Misc. 800, 67 N.Y.S.2d 220 (1947).