■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. GARY ZINZOW, Respondent, v WILLIAM A. R. HARKNESS, as Sheriff of Rensselaer County, Appellant. THE PEOPLE OF THE STATE OF NEW YORK ex rel. ROBERT ZINZOW, Respondent, v WILLIAM A. R. HARKNESS, as Sheriff of Rensselaer County, Appellant. THE PEOPLE OF THE STATE OF NEW YORK ex rel. MARTIN BROZOWSKI, Respondent, v WILLIAM A. R. HARKNESS, as Sheriff of Rensselaer County, Appellant.—Appeals from judgments of the Supreme Court at Special Term, entered March 28, 1975 and April 1, 1975 respectively in Rensselaer County, which sustained writs of habeas corpus and released each of the defendants to the custody of their mother and father and the Probation Department of Rensselaer County. Each of the defendants has been indicted by a Supreme Court Grand Jury of Rensselaer County for the crimes of burglary in the first degree, burglary in the second degree and two counts of assault in. the second degree. Prior to their indictment by the Grand Jury, each of the defendants had been arraigned in the Rensselaer City Court for the crime of assault in the second degree and, on recommendation of the District Attorney, bail had been fixed in the amount of

$10,000. At the time of their respective arraignments in the County Court of Rensselaer County the attorneys requested that they be released in the custody of their mothers and fathers. The District Attorney opposed these respective requests and, after pointing out that although defendants had originally been arraigned in the Rensselaer City Court on a Class D felony and that they had subsequently been indicted on a Class B felony, moved to increase bail from $10,000 to $20,000. The County Judge reserved decision on the District Attorney's motion to increase bail and, after advising the attorneys for the respective defendants that the Rensselaer County Probation Department has undertaken a program which could result in the release of the defendants in their own recognizance, indicated that he had no objection to the matter being discussed with the probation department for the purpose of having it make recommendations to him as to what should be done with the defendants pending the disposition of the charges against them. Following defendants' arraignment in the County Court there was a three-week hiatus at the conclusion of which each of the defendants obtained a writ of habeas corpus from a Supreme Court Justice which writs were made returnable the same day as their issuance. At the conclusion of the hearings on the writs the habeas corpus court sustained the writs and released defendants in the custody of their parents and the Rensselaer County Probation Department. In sustaining the writs the court commented: "The only reason that you are being granted this relief is because you are poor and you are unable to make bail, and as far as this Court can see, if I set bail at $1,000 or $2,000, it would be just as unreachable as if I set it at $10,000". In *People ex rel. Gonzalez v Warden, Brooklyn House of Detention* (21 NY2d 18, 24) the Court of Appeals, in commenting on the relator's attack on our money bail system stated *(Bellamy v Judges & Justices,* 41 AD2d 196, affd no opn 32 NY2d 886): "We would be less than candid if we did not admit that the present bail system is subject to abuse. Nevertheless, we are not willing to accede to the relator's request that this court adopt a nonfinancially oriented system of bail. It is our opinion that the adoption of such system is more properly within the province of the Legislature." In determining whether or not the denial of bail or fixation of bail violates the constitutional or statutory standards inhibiting excessive bail or the arbitrary refusal of bail the habeas corpus court should consider the relevant criteria under decisional law and CPL 510.30 including, among other things, the nature of the offense, the penalty which may be imposed, the probability of the willing appearance of the defendant or his flight to avoid punishment, the pecuniary and social condition of defendant and his general reputation and character, and the apparent nature and strength of the proof as bearing on the probability of his conviction (cf. *People ex rel. Klein v Krueger,* 25 NY2d 497). Here, it appears that the habeas corpus court failed to seriously consider any of these relevant criteria other than the defendants' financial resources. Judgments reversed, on the law and in the exercise of discretion, without costs, and application in each case granted to the extent that bail is fixed in the amount of $1,000. Herlihy, P. J., Greenblott, Kane, Main and Larkin, JJ., concur.