**UNITED STATES of America ex rel. Howard J. DILLER on behalf of Joseph Carl Gallo, Petitioner,**

**v.**

**Louis GRECO, Warden, etc., Respondent.**

**No. 77 Civ. 242.**

United States District Court, S. D. New York.

Jan. 26, 1977.

Diller, Schmukler & Asness by Barry Asness, New York City, for petitioner.

Sterling Johnson, Jr., Sp. Asst. Dist. Atty. by Charles J. Heffernan, Jr., New York City, for respondent.

## MEMORANDUM AND ORDER

BRIEANT, District Judge.

This petition is a writ of habeas corpus, brought pursuant to 28 U.S.C. § 2254, by Howard J. Diller, Esq., on behalf of his client, Joseph Carl Gallo. On July 30, 1976, in Part A of the Special Narcotics Part of the Supreme Court of the State of New York, New York County, Gallo was arraigned on charges of selling heroin to an undercover agent, conspiring to sell heroin, and related crimes. At the arraignment, Justice Walter Gorman set Gallo's bail at $100,000.00. On August 2, 1976, Justice Gorman approved a bond in that amount and Gallo was released on bail.

Approximately three months later, on November 29, 1976, the People moved the trial court for an order revoking bail and remanding Gallo pending trial. The moving papers included an affirmation by the Assistant District Attorney setting forth four grounds for the request to remand.[1]

Justice Norman B. Fitzer, there presiding, concluded correctly that an evidentiary hearing was appropriate. The hearing was begun on December 14, 1976, and completed two days thereafter. At the conclusion of the hearing, Justice Fitzer found that Gallo should be remanded pending trial. At the present time Gallo is in custody at the Rikers Island House of Detention for Men, whose Warden is the respondent in this action.

Before turning to the merits, it is necessary, under 28 U.S.C. § 2254 to discover whether or not Gallo has exhausted his state remedies. Gallo has attempted to have his remand reviewed by a state habeas corpus proceeding. His petition was immediately denied by Justice Fitzer; similarly, his motion to the Appellate Division for an interim stay of Justice Fitzer's denial of the writ pending appeal was rejected. Finally, on January 11, 1977, the Appellate Division also declined to expedite the appeal of Justice Fitzer's denial of the writ.

As a result of the Appellate Division's failure to make a final review of the denial of the writ, Gallo is precluded from completing his state court remedy by seeking review from the New York State Court of Appeals. State court relief is therefore effectively terminated since a trial date has been set for January 31, 1977.

■ In these peculiar circumstances, it is likely that Gallo has exhausted his state court remedies, and I so find for the purposes of this application. 28 U.S.C. § 2254(b); *United States ex rel. Goodman v. Kehl*, 456 F.2d 863 (2d Cir.1972); *Dixon v. Florida*, 388 F.2d 424, 425 (5th Cir.1968); *Bobick v. Schaeffer*, 366 F.Supp. 503 (S.D.N.Y.1973); *United States ex rel. Shakur v. Commissioner of Corrections*, 303 F.Supp. 303 (S.D.N.Y.1969), *aff'd*, 418 F.2d 243 (2d Cir.1969), *cert. denied* 397 U.S. 999, 90 S.Ct. 1144, 25 L.Ed.2d 408 (1970).

■ It is uncontested that federal habeas corpus is a proper remedy by which to seek relief from an unconstitutional state custody imposed pursuant to the arbitrary denial of bail. *United States ex rel. Goodman v. Kehl, supra*. However, this jurisdiction gives us no license to substitute our judicial

---

1. The four new grounds are summarized as follows:
 1. All of the evidence has been revealed to Mr. Gallo and he now is aware of the hopelessness of his situation.
 2. The State has demonstrated its readiness for trial which is now imminent.
 3. A check of the two residences supplied by Mr. Gallo has revealed that he never resided at either address.

 4. A communication was received from the federal parole officer stating that Mr. Gallo will be charged with a violation of his federal parole following disposition of the charges in this state court proceeding.
See Affidavit of Charles J. Heffernan, Jr., Assistant District Attorney of November 29, 1976.

judgment and discretion for that of the state court.

"There might have been room for a difference in judgment on the amount of bail, but consideration by a federal court could not be asked or given upon that basis. A federal court would not be entitled to act in substitution of judgment for that of the state court. What the state court did would have to be beyond the range within which judgments could rationally differ in relation to the apparent elements of the situation. It would have to amount in its effect to legal arbitrariness in the administration of the bail right provided, so as to constitute a violation of due process, or to discriminatoriness in the application of the right as against petitioner, so as to constitute a violation of equal protection." *Mastrian v. Hedman*, 326 F.2d 708, 711 (8th Cir.), *cert. denied* 376 U.S. 965, 84 S.Ct. 1128, 11 L.Ed.2d 982 (1964).

Our sole legitimate concern, then upon a habeas corpus petition denying bail is whether this denial (or revocation) by the state court is arbitrary or discriminatory or results in the denial of a fair trial.

"Any other rule would not only commit the federal courts to the burdensome task of hearing evidence upon and setting bail *de novo* in a host of criminal cases, but also and much more intolerable, such a rule would authorize an unwarranted and unconstitutional encroachment upon the prerogatives of the states in the due administration of their processes of criminal justice." *Simon v. Woodson*, 454 F.2d 161, 165 (5th Cir.1972).

Accordingly, the discretion exercised by the state trial judge must be accorded great respect. Only a clear showing of abuse by petitioner will allow this Court to tamper with the findings and conclusions of a state court judge made after a hearing. The petitioner bears a heavy burden of proof in demonstrating abuse of discretion.

The next question, then, is what standard was the state judge required to follow? Surely the grant or denial of bail lies within the discretion of the trial judge in felony cases. The applicable statutes do, however, supply considerations to aid the judge in determining the bail issue. The standards governing the discretionary granting or denial of bail are found in New York Criminal Procedure Law ("N.Y.C.P. L."), § 510.30, which provides that the essential interest of the state, pending trial, is to assure the defendant's court attendance when required. The statute lists several criteria:

"(i) The principal's character, reputation, habits and mental condition;

(ii) His employment and financial resources; and

(iii) His family ties and the length of his residence if any in the community; and

(iv) His criminal record if any; and

(v) His previous record if any in responding to court appearances when required or with respect to flight to avoid criminal prosecution; and

(vi) If he is a defendant, the weight of the evidence against him in the pending criminal action and any other factor indicating probability or improbability of conviction; or, in the case of an application for bail or recognizance pending appeal, the merit or lack of merit of the appeal; and

(vii) If he is a defendant, the sentence which may be or has been imposed upon conviction."

Revocation of bail is governed by N.Y.C.P.L. § 530.60, which states, in pertinent part that "the court, for good cause shown, may revoke the order of recognizance or bail." It has been held that the same principles that apply to the discretionary denial of bail in the first instance also apply to the discretionary revocation of bail. *People ex rel. LaForce v. Skinner*, 65 Misc.2d 884, 319 N.Y.S.2d 10 (Sup.Ct.Monroe Co., 1971). Therefore, if the moving party in a bail revocation motion can demonstrate good cause for his motion, the judge may, in his discretion, revoke bail in accordance with the principles set forth in N.Y.C.P.L. § 510.30, *supra*.

As noted earlier, the state trial judge took care to make findings on the bail revocation motion based on a full evidentiary record. After the hearing, the court adjourned for a day in order to consider the testimony, exhibits and affidavits which had been submitted for its consideration. Upon completing his review of these materials, Justice Fitzer found that the prosecution had established that good cause existed for the revocation of Gallo's bail.

Specifically, Justice Fitzer found that Gallo had no true employment, but rather a sham employment arranged for the sole purpose of deceiving the federal parole authorities. Justice Fitzer also found that Gallo did not maintain a single, consistent residence in the community, thereby failing to provide a reliable guaranty as to his whereabouts. These shifting residences, in the Judge's opinion, could facilitate his disappearance should he decide that to be necessary. In addition, Justice Fitzer was most concerned with Gallo's large number of aliases, which again allowed Gallo to engage in undetected activities. Much attention was given to an out-of-state trip taken by Gallo, under an alias, prior to his arrest on this indictment. Nonetheless, this trip violated the terms of his federal parole. Since the defendant violated his federal parole with impunity, a judge might fairly reason, he was obviously capable of violating the terms of his bail. As a result of the evidence presented to him at the hearing, Justice Fitzer concluded:

"[T]he testimony has created great doubt in my mind on the question of whether he would be available whether his intentions and activities are clearly expressed before the Court. I think that there has been

evidence that there has been a fraud established and practiced around and upon the parole department—federal parole officer—and there may be one in effect as to the activities and residences and whereabouts of the defendant, as far as this application is concerned practiced upon this Court." (Transcript, p. 170)

■ Petitioner argues that these findings do not establish a propensity to flee, the main consideration in any bail proceeding. See N.Y.C.P.L. § 510.30, *supra*. Petitioner asserts, and asserted at the hearing, that his client has never failed to make a required court appearance, has close family ties in the community and is not without employment. Petitioner further argues that none of the information presented to Justice Fitzer was new evidence, since all of the information presented in the bail revocation hearing was available at the time bail was initially set.[2]

Petitioner insists that being in receipt of the Government's evidence has not changed Gallo's position. Gallo has known he faced a severe sentence since the time of his indictment. He has also known of the strength of the State's case from the outset, but certainly knew of it during the two weeks preceding the motion to remand since the tapes of conversations with the undercover agent were in the possession of the defense at that time. Since he did not flee during the months that bail was posted, particularly during the last few weeks when he was unquestionably aware of the State's evidence, it is unlikely that he will now flee.

Petitioner asserts that the true reason for the revocation of bail is to punish and coerce the defendant. Gallo's counsel has

**2.** On August 2, 1976, Assistant District Attorney Charles J. Heffernan, Jr. submitted an affirmation in support of setting Gallo's bail at $300,000.00. In this affirmation Mr. Heffernan pointed out that Gallo had only been employed for one week prior to his arrest, that Gallo had a prior narcotics conviction, that he faced a possible life sentence, that the weight of the evidence was overwhelmingly against Gallo, and that the State was ready for trial as soon as the defense indicated its readiness. This affirmation lends strength to petitioner's con-

tention that none of the issues raised at the bail revocation hearing were really new. New evidence supporting several of these contentions was, however, produced at the hearing. In addition, we find no requirement that new evidence be presented in order to result in a remand. The statute simply requires that good cause be shown for the necessity of a remand. This language demonstrates that a judge may, in his discretion, remand a defendant if he believes that the circumstances are such that the defendant is no longer a good bail risk.

been engaged in several criminal trials and has therefore been unable to set an immediate trial date in this case. Petitioner argues that the State remanded Gallo in order to force him to an immediate trial, with or without counsel of his choice.

 If the state court remanded defendant for the reasons set forth by petitioner, I would find that the revocation of bail was unconstitutional and would grant the writ. I find, however, that the petitioner has failed to meet the heavy burden of proof required to show an abuse of discretion. Of course it is possible that the improper considerations described by petitioner might have entered into the judge's decision in some part. The state court, however, expressly based its decision on *bona fide* considerations, which were based on the evidence before it which were set forth in findings of fact. The court found that defendant had a propensity to flee which is certainly good cause for the revocation of bail. That another court may have decided differently on the same record is of no consequence here. Since this court cannot, and will not substitute its judgment for that of the state court judge, I decline to find on this record, that the judge has abused his discretion.

The petition is in all respects denied.

So Ordered.