■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. NORMAN J. MORDKOFSKY, on Behalf of HECTOR CARDONA, Appellant, v JOSEPH STANCARI, Warden of the Westchester County Jail, Respondent. — In a habeas corpus proceeding, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Ingrassia, J.), dated December 30, 1982, which dismissed the writ. Judgment reversed, on the law, without costs or disbursements, writ reinstated and matter remitted to the Supreme Court, Westchester County, for redetermination in accordance herewith. The petitioner's client, Hector Cardona, was arrested on April 30, 1982 for selling more than three ounces of a substance containing cocaine and after his initial arraignment in the County Court, Westchester County, on June 2, 1982, was held on $50,000 cash bail or secured bond. Thereafter the Grand Jury of Westchester County returned an indictment against Cardona (Indictment No. 569-82) which alleged not only a sale on April 30 but also a separate sale on April 17, 1982. On June 14, 1982 Cardona was arraigned on the indictment in the County Court, Westchester

County, and in light of the fact that two sales were not alleged, was ordered held on $150,000 bail. Petitioner commenced the instant habeas corpus proceeding in the Supreme Court, Westchester County, to reduce bail on the ground that the County Court had abused its discretion by fixing an excessive bail (CPLR 7010, subd [b]). A review of the minutes of the proceedings before the Supreme Court on the return of the writ reveals that the records (including minutes) of the initial bail-setting hearing on June 2, 1982 and the bail reduction application at the arraignment on June 14, 1982 were not before the court when it conducted a hearing on the habeas corpus petition and rendered a decision from the Bench on June 24, 1982. For example, at the habeas corpus hearing, an Assistant District Attorney representing the respondent said that different County Court Judges had presided over the June 2 and June 14 hearings, but in respondent's brief on appeal it is asserted that the minutes of those hearings show that only one Judge had been involved. In addition, at the habeas corpus hearing, the Assistant District Attorney did not deny the petitioner's assertion that the People had represented to the bail-setting court that Cardona was a previously deported alien unlawfully in this country, while on appeal respondent states that, in fact, the representation to the bail-setting court had been that the People lacked information in that regard. Apparently, the record developed before the Supreme Court at the habeas corpus hearing was nothing more than a partial restatement of evidence given before the bail-setting court. The petitioner pointed out that he had no new facts to submit except information correcting the People's good-faith error in misrepresenting Cardona's immigration status. Absent extraordinary circumstances, the evidence to be considered by a court on the return of a writ of habeas corpus is limited to that adduced before the bail-setting court because the function of the former is limited to collateral review of the exercise of discretion by the latter. Hence, the Supreme Court's task in this proceeding was limited to a review of the *minutes* of June 2 and June 14, 1982, and *de novo* consideration of the facts was improper (see *People ex rel. Rosenthal v Wolfson,* 48 NY2d 230). Since it appears that the Supreme Court proceeded in the absence of those minutes upon a purported reconstruction of the proceedings by counsel, it is impossible for this court to determine whether it properly discharged its function as a reviewing court. By statute, one of several factors that the bail-setting court was required to consider in determining whether to admit petitioner's client to bail was his financial resources (CPL 510.30, subd 2, par [a], cl [ii]; see *People ex rel. Gonzalez v Warden, Brooklyn House of Detention,* 21 NY2d 18, 25, cert den 390 US 973; *People ex rel. Zinzow v Harkness,* 48 AD2d 746), and it was the duty of the Supreme Court on the return of the writ to assure that this statutory criterion inhibiting excessive bail was not ignored (see *People ex rel. Klein v Krueger,* 25 NY2d 497, 499). It is further noted that the Supreme Court did not have before it any information suggesting "the weight of the evidence against [petitioner's client] in the pending criminal action and any other factor indicating probability or improbability of conviction" (CPL 510.30, subd 2, par [a], cl [vii]). Since the legitimate object of the bail system is to secure the attendance of a defendant in a criminal case (see *People ex rel. Lobell v McDonnell,* 296 NY 109, 111; *People v Maldonado,* 95 Misc 2d 113, 114-115), and the record before the Supreme Court showed that petitioner's client had been a resident of this country for close to 10 years (three in the village where the crimes were allegedly committed), was gainfully employed with no prior criminal record and was living in modest circumstances with an employed spouse and three school-aged children, and that the amounts involved in the two alleged sales were $8,000 and $11,000, it cannot be said that $150,000 bail was not excessive as a matter of law. Therefore, the matter is remitted for

redetermination by the Supreme Court, Westchester County, upon the record before the bail-setting court, in light of all the factors set forth in CPL 510.30 (subd 2, par [a]). Mangano, J. P., O'Connor, Brown and Boyers, JJ., concur.