OPINION OF THE COURT
William H. Keniry, J.
This habeas corpus proceeding was commenced on behalf of Clay D. Rhodes, a person detained by the Sheriff of the County of Rensselaer. The petitioner is the defendant’s attorney.
The facts are as follows: defendant Rhodes was arrested on July 7, 1989 and charged with the crime of burglary in the second degree, a class C felony. The defendant was arraigned in Troy Police Court and was initially remanded to the Rensselaer County Jail without bail. A preliminary hearing was scheduled but was not held. Defendant was then released by the court on his own recognizance. However, defendant was not immediately released from custody because a parole detainer had been filed against him by the New York State Division of Parole. A parole violation hearing was held on July 14, 1989 and the violation charge was dismissed. Defendant was then released from custody. On July 19, 1989, defendant was indicted by a Rensselaer County Grand Jury on a charge of burglary in the second degree. He was arraigned on that date before the Honorable M. Andrew Dwyer, Jr., Rensselaer County Court Judge. Judge Dwyer refused to set bail or continue defendant’s release on his own recognizance. A formal bail application was then filed on behalf of defendant and a bail hearing was held on September 6, 1989. Judge Dwyer denied bail.
Petitioner on behalf of defendant Rhodes raises two arguments in support of his release on this writ. The first is that Judge Dwyer was required under CPL 530.60 to either continue defendant’s release on his own recognizance or to set reasonable bail on the date of his arraignment. Second, the petitioner contends that Judge Dwyer abused his discretion under CPL 530.40 by failing to release defendant on his own recognizance or to set reasonable bail after the hearing.
The court, in addition to the petition for a writ of habeas corpus, has before it the stenographic transcripts of the July 19, 1989 arraignment and the September 6, 1989 bail hearing. Upon the return of the writ, the Rensselaer County District Attorney’s office opposed the writ. The District Attorney did *215 not submit a written answer to the writ. The court heard oral argument from both sides.
The petitioner’s first argument is without merit. County Court, after defendant was indicted, was not mandated to continue the order of the local criminal court which released the defendant on his own recognizance. The petitioner alleges in paragraph 22 of his petition that County Court revoked the order of release on recognizance without cause. CPL 530.40 does not mandate that a superior court continue a previous order of a local criminal court. The statute, in pertinent part, provides that: "In any such case in which an indictment * * * (b) was filed at a time when a felony complaint charging the same conduct was pending in a local criminal court, and in which such local criminal court * * * has issued an order of recognizance or bail which is still effective, the superior court’s order may be in the form of a direction continuing the effectiveness of the previous order” (CPL 530.40 [2] [b] [emphasis added]). Thus County Court was not bound to continue the order of the Troy Police Court which had released the defendant on his own recognizance. County Court could exercise its discretion and, as it did, could require that a bail application be filed.
Defendant, after his arraignment in County Court, filed an application for bail or, in the alternative, for release on his own recognizance. The application was opposed by the District Attorney. Following oral presentations by the defendant’s attorney and an Assistant District Attorney, the court denied the bail application. No testimony was taken. The record of the bail proceeding establishes that County Court stated that it was not concerned with the potential of the defendant fleeing the jurisdiction and not appearing in court when required but rather was concerned about "the allegation made by the prosecution that [defendant] is a threat to the people of the community”. Much of the oral argument centered on the prosecution’s contention that defendant’s fingerprint was allegedly found at the scene of the alleged burglary for which defendant was indicted.
The scope of review upon a petition for a writ of habeas corpus seeking review of a denial of bail is limited to whether constitutional or statutory standards were violated (People ex rel. Klein v Krueger, 25 NY2d 497). The test which this court must apply is to determine if there is a constitutionally rational basis for County Court’s determination (People ex rel. Cooke v McNulty, 48 AD2d 586). The only matter of legitimate *216 concern in determining a bail application is whether any bail or the amount fixed is necessary to insure a defendant’s future court appearances (CPL 510.30 [2] [a]; Matter of Sardino v State Commn. on Judicial Conduct, 58 NY2d 286, 289). "There must be a sufficient showing on the record to support the decision and the exercise of discretion must be upon a rational basis delineated by the criteria listed under CPL 510.30” (People ex rel. Ryan v Infante, 108 AD2d 987, 988).
The court has reviewed the record of the proceedings and concludes that County Court’s decision to deny the defendant’s bail application fails to comport with constitutional and statutory standards. A court cannot deny a bail application solely for the reason that it wishes to protect the community from any possible future criminal conduct of a defendant.
The record of the proceedings below does not afford a sufficient basis upon which this court can exercise its discretion to make an independent bail determination based upon the factors enumerated in CPL 510.30 (2) (a) (People ex rel. Moquin v Infante, 134 AD2d 764).
The writ is sustained to the extent that the bail application of defendant Clay D. Rhodes is remanded to County Court for further proceedings not inconsistent herewith.