OPINION OF THE COURT
Reinaldo E. Rivera, J.
I. INTRODUCTION
Counsel for the defendant has petitioned this court, sitting in Criminal Term at Special Term 10 thereof, by writ of habeas corpus, for a reduction of bail from $3,500 to $1,000, the amount originally set at defendant’s arraignment in local criminal court. The increase to $3,500 was ordered in superior court by the presiding Justice in the Trial Part.
After two in camera conferences, leave was granted for counsel to submit memoranda of law in support of and in opposition to the writ of habeas corpus, respectively. Having considered counsel’s oral arguments, having reviewed the memoranda of law, the minutes of the calendar calls in Supreme Court on July 31, 1996, August 19, 1996, and September 24, 1996, and having further considered the applicable statutes and decisional case law, decision is rendered herein.
II. BACKGROUND
Defendant was arrested on June 26, 1996 and charged in a felony complaint with criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]); criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]); criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03) (two counts) and unlawful possession of marihuana (Penal Law § 221.05). He was arraigned in Criminal Court, Kings County, on June 27, 1996. Bail was set in the amount of $1,000. The matter was adjourned to Criminal Court Part APN, for July 2, 1996. The $1,000 bail was posted on June 29, 1996.
The Grand Jury of the County of Kings voted a true bill and an indictment was filed July 10, 1996. The defendant was arraigned in Supreme Court on July 31, 1996. The charges set forth in this indictment, number 8792/96, are substantially the same as those in the underlying felony complaint. The indictment adds a count, or charge, of criminal sale of a controlled substance in the fifth degree (Penal Law § 220.31), and contains one instead of two counts of criminal possession of a *132 controlled substance in the seventh degree (Penal Law § 220.03).
While at liberty the defendant made two appearances in local criminal court: July 2 and July 23, 1996, both in Part APN, and three appearances in superior court: July 31, 1996, for arraignment in ACA 360; August 19, 1996, and September 24, 1996, for conference in Criminal Term Part 14, the Trial Part.
On that last date the trial court set new bail at $3,500. The defendant has been incarcerated since then.
III. QUESTION PRESENTED
Did Supreme Court, Criminal Term Part 14, abuse its discretion in setting bail at $3,500 by virtue of one or both of the following factors: (A) the securing order of bail by superior court at the defendant’s arraignment on the indictment constituted a first release determination which, absent a change of circumstances, may not be disturbed; (B) the securing order of bail in the amount of $3,500 by the nisi prius court, to wit, Criminal Term Part 14, violated the constitutional prohibition against excessive bail because: (i) the defendant had returned to court five times on the bail set in local criminal court, i.e., $1,000; (ii) the defendant was unable to make $3,500 bail.
IV. ARGUMENTS OF COUNSEL
Petitioner contends that the decision setting bail at $3,500 was an abuse of discretion in that: (1) no additional facts or circumstances had developed subsequent to the bail being set at $1,000 to justify the increase; (2) the defendant had returned to court five times while at liberty on the $1,000 bail; (3) the $3,500 bail violated the constitutional prohibition against excessive bail since $1,000 was demonstrably sufficient to ensure defendant’s return to court and since defendant is unable to raise the additional bail.
Petitioner further maintains that this court has the authority, should it find an abuse of discretion and sustain the writ, to reinstate the bail to the $1,000 previously set.
In opposition to the writ, the People contend that superior court was not mandated to continue the $1,000 bail set by Criminal Court. Further, notwithstanding defendant’s prior appearances before the superior court, no previous applications for bail had been made, therefore, the superior court was entitled to exercise its discretion and set whatever bail it considered appropriate in accordance with constitutional and statutory standards. Additionally, the People assert that $3,500 *133 is not excessive when the circumstances of this particular defendant are assessed with respect to the statutory criteria set forth in CPL 510.30.
V. PRELIMINARY
To answer the questions presented by this case this court must consider and resolve the following issues of apparent first impression.
First: What effect or legal consequence exists where without hearing bail applications and without considering the criteria set forth in CPL 510.30, superior court continues, pursuant to CPL 530.40 (2), the securing order of recognizance or bail by local criminal court?
Does this constitute a discretionary release determination pursuant to CPL 510.10, which absent a change in circumstances, should not be disturbed by a court of concurrent jurisdiction?
Second: When superior court acquires control, upon filing of an indictment, of a defendant who is at liberty bécause of an order of recognizance or bail of local criminal court, where the felony complaint and the indictment are based on the same conduct, is superior court required to find the securing order by local criminal court sufficient, as a matter of law? Once defendant, while at liberty, returns to court on that securing order, is an increase by the trial court in the amount of bail set by criminal court per se excessive bail, where superior court without a hearing continued the bail order of the local criminal court?
VI. DISCUSSION
(a) scope of habeas review
The scope of collateral review upon a habeas corpus petition challenging a bail decision by a nisi prius court is narrow. It is limited to consideration of whether the denial of bail was an abuse of statutory discretion or a violation of the constitutional prohibition against excessive bail or its arbitrary refusal. (People ex rel. Klein v Krueger, 25 NY2d 497 [1969]; People ex rel. Hunt v Warden, 161 AD2d 475 [1990].)
The habeas corpus court may not substitute its discretion for that of the nisi prius court if the bail decision was the product of the exercise of discretion resting on a rational basis. (People ex rel. Brown v Bednosky, 190 AD2d 836 [2d Dept 1993].) The habeas court exercises collateral review of an exercise of discre *134 tion by the bail-setting court. (People ex rel. Mordkofsky v Stancari, 93 AD2d 826 [1983].) This court’s function is not to decide if it would have made the same decision (People ex rel. Rosenthal v Wolfson, 65 AD2d 113 [1978]), nor to exercise independent discretion as to bail. (Matter of Buthy v Ward, 34 AD2d 884 [1970].)
The habeas court may review the action of the denial of bail or the fixing of an amount of bail if it appears that the constitutional or statutory standards inhibiting excessive bail or the arbitrary refusal of bail are violated. (People ex rel. Klein v Krueger, 25 NY2d, supra, at 499.) The determination of the bail-fixing court will not be overturned unless there is the " 'invasion of [a] constitutional right,’ ” and not a " 'difference of opinion’ ”, (Supra, at 500.)
The habeas court "sits not as a reviewing appellate court”, it "may not review the action of the * * * court as if it could examine the bail question afresh.” (People ex rel. Klein v Krueger, supra, at 501, 500-501.)
The limited function of the court entertaining the writ of habeas corpus is to inquire whether the bail-setting court abused its discretion by either denying bail without reason or for reasons insufficient in law, or by setting excessive bail. (People ex rel. Shapiro v Keeper of City Prison, 290 NY 393 [1943].) The bail-setting Judge’s determination cannot be upset absent a showing that she acted arbitrarily and improvidently or that she abused her discretion. (People ex rel. Wasmund v McCloskey, 16 Misc 2d 659 [1959].)
(b) bail
A defendant always has a right to seek release on recognizance or bail and public policy favors release pending a determination of guilt or innocence. However, there is no absolute constitutional right to bail. (People ex rel. Calloway v Skinner, 33 NY2d 23.)
The grant or denial of bail rests within the discretion of the trial court where the criminal action is pending, after considering the criteria set forth in CPL 510.30. (People ex rel. Parker v Hasenauer, 62 NY2d 777 [1984]; People ex rel. Klein v Krueger, supra, at 502; People ex rel. Shapiro v Keeper of City Prison, supra; People v Torres, 112 Misc 2d 145 [Sup Ct, NY County 1981]; United States ex rel. Diller v Greco, 426 F Supp 375 [SD NY 1977].)
When a defendant is arraigned on a felony complaint in local criminal court, that court, subject to certain statutory limi *135 tations, may, in its discretion, order recognizance or bail. (CPL 530.20.) Upon the filing of an indictment in superior court, that court has complete discretionary authority to order recognizance or bail. (CPL 530.40; People ex rel. Parker v Hasenauer, supra.) Subdivision (2) (b) of CPL 530.40 permits the superior court to direct that a previously issued order by the local criminal court remain effective.
The order of bail or recognizance is a discretionary determination which is not subject to de novo review in collateral proceedings and should not be disturbed, reconsidered, altered or modified by a court of concurrent jurisdiction. (People ex rel. Klein v Krueger, supra, at 502; People v Varela, 124 Misc 2d 992 [Sup Ct, NY County 1984]; People v Utley, 77 Misc 2d 86 [Nassau County Ct 1974].) The court may remand a defendant if it finds that the circumstances are such that the defendant is no longer a good bail risk. (United States ex rel. Diller v Greco, 426 F Supp 375, supra.)
The CPL provides that a release order may be reviewed if the court considers it necessary, and an order of bail or recognizance may be revoked for good cause shown. (CPL 530.60 [1].) A securing order of bail is subject to change " 'depending upon such circumstances as come into being while the defendant is awaiting trial or during trial. Justice often supports the reduction [or revocation] of bail as [warranted] by new circumstances * * * The alteration of [the] original order upon a showing of facts supporting the discretion of the second ordering judge is a proper and required use of the decisional process’ ”. (People ex rel. Thompson v Warden, 214 NYS2d 171, 175 [Sup Ct, Kings County 1961].) The same principles applicable to a bail determination in the first instance apply to its discretionary alteration. If the moving party can show good cause, a Judge may alter a bail order in accordance with CPL 510.30. (United States ex rel. Diller v Greco, supra.)
Once the court makes a determination in its exercise of discretion and bail is set after consideration of the criteria set forth in CPL 510.30, with a view to ensure the defendant’s continued return to court, the decision is not subject to review and modification by a court of coordinate or concurrent jurisdiction, nor is it appealable. (People ex rel. Klein v Krueger, supra, at 499.) Review may be had by habeas corpus and does not entitle the defendant to a reassessment of the bail decision. (Supra, at 501.)
The general principle is that the only matter of legitimate concern is whether any bail or the amount fixed is necessary to *136 ensure a principal’s future appearances in court. (See, Matter of Sardino v State Commn. on Judicial Conduct, 58 NY2d 286, 289 [1983].)
A habeas court may properly find the bail-fixing court abused its discretion if it ascertains that bail was denied or revoked for an impermissible reason. (See, People ex rel. Bauer v Mc-Greevy, 147 Misc 2d 213 [Sup Ct, Rensselaer County 1990] [bail denied solely for the reason that defendant represented a threat to the community failed to comport with statutory and constitutional standards]; People ex rel. Thompson v Warden, supra [improper to revoke bail on ground that defendant was unduly delaying his trial]; People ex rel. Klein v Krueger, supra [bail denied to prevent witness tampering was not a rational basis under the circumstances]; People ex rel. Benton v Warden, 118 AD2d 443 [1st Dept 1986] [improper to increase bail based solely on trial court’s conviction that accused would be found guilty of serious crimes].)
New York has consistently rejected preventive detention as a bail policy consideration. Several statutes, however, are now on the books aimed at remedying abuses perpetrated due to the jurisprudential precept that the only purpose of bail is to ensure the defendant’s return to court. Judge Bellacosa, then professor, commenting on the 1981 amendment to CPL 530.60 permitting remand of a defendant whose conduct while at liberty has demonstrated a threat to the safety of the community, stated, "Under the limited circumstances in which it is applicable, it may prove to be an effective tool and deterrent while simultaneously eliminating, for the first time, the hypocrisy that piously proclaims that the sole purpose of bail is to ensure presence at subsequent proceedings”. (Bellacosa, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 530.60, at 98 [1984 ed].)
CPL 530.60 was further amended in 1986 to authorize the court to revoke bail in a felony case if there is reasonable cause to believe the defendant has intimidated a witness.
(c) DISCRETIONARY INITIAL RELEASE DETERMINATION VERSUS MODIFICATION BY A COURT OF CONCURRENT JURISDICTION
If an order of the nisi prius court constituted the superior court’s first release determination, then the habeas court’s review is limited to a determination of the nisi prius court’s compliance with statutory and constitutional guidelines. If the habeas court finds that the nisi prius court considered the fac *137 tors and criteria set forth in CPL 510.30 and that it set bail accordingly, the writ must be denied.
In contrast, modification by a court of concurrent jurisdiction of a prior securing order of recognizance or bail requires a finding by the nisi prius court of good cause to warrant the change of the previous decision. This finding must encompass a change in circumstances, new evidence, or additional facts not before the court which made the initial or previous securing order. (People ex rel. Rupoli v McDonnell, 277 App Div 74 [1950]; People ex rel. Manceri v Doherty, 192 NYS2d 140; People v Torres, 112 Misc 2d 145, supra; People v Gruttola, 72 Misc 2d 295 [1972].)
If the bail order in ACA 360 on August 19, 1996, continuing the bail fixed by criminal court was not a discretionary release determination pursuant to CPL 510.10 and 530.40 (2), then Criminal Term Part 14 was authorized to entertain bail applications and deny bail or grant bail as it deemed appropriate, in accordance with the factors and criteria set forth in CPL 510.30, and in compliance with constitutional standards.
In contrast, if ACA 360’s order did in fact constitute a discretionary release determination then Criminal Term Part 14 was not authorized to alter ACA 360’s order absent a showing of a change in circumstances. The defendant contends that no change in circumstances intervened and the People have not disputed this. Thus, if Criminal Term Part 14 did not have a substantial reason for altering ACA 360’s order continuing bail at $1,000, its decision would constitute an arbitrary modification of a discretionary bail order by a court of concurrent jurisdiction. Such an arbitrary modification could be subject to a finding of an abuse of discretion in a habeas corpus proceeding.
(d) DOES a CPL 530.40 (2) (b) ORDER CONSTITUTE A DISCRETIONARY RELEASE DETERMINATION?
Once a case is indicted, the local criminal court is divested of jurisdiction over that case and superior court acquires exclusive jurisdiction. (CPL 10.20.) It is therefore axiomatic that when superior court acquires jurisdiction at arraignment on the indictment, the plethora of issues raised at the local criminal court arraignment, are once again subject to de novo assessment and determination in the superior court. This first assessment / determination of bail in superior court is a priori; it is as if the issue of bail had not been previously decided.
*138 The fact that Supreme Court, Criminal Term ACA 360, on the defendant’s arraignment on the indictment continued the local criminal court order without conducting a meaningful inquiry does not in itself constitute a first or initial release determination. The record must indicate that the court in making its securing order pursuant to CPL 510.10 conducted a meaningful inquiry, and complied with CPL 510.30. (See, People ex rel. Ryan v Infante, 108 AD2d 987 [3d Dept 1985].)
In order to comply with CPL 510.10, the court must first comply with CPL 510.30. The court must make a determination which takes into account the criteria set forth in CPL 510.30. Absent a showing that an application for a securing order in ACA 360 was followed by a determination based on the factors and criteria set forth in CPL 510.30, showing that the exercise of the court’s discretion in issuing its securing order of recognizance or bail is in fact based upon said criteria or factors, we cannot conclude that the securing order itself complied with the statute. Absent this two-step procedure, to wit, compliance by the court with CPL 510.30 as a condition precedent to compliance with CPL 510.10, any subsequent modification of that order would not require a showing of change of circumstances.
(e) the effect of the local criminal court securing order ON THE SUPERIOR COURT’S DISCRETIONARY RELEASE DETERMINATION
CPL 510.10 provides that a securing order must be made: "[w]hen a principal, whose future court attendance at a criminal action or proceeding is or may be required, initially comes under the control of a court”. The defendant will thus either be released on his own recognizance, bail will be set or a commitment order issued.
It is undisputed that one of the factors to be considered in setting bail is the defendant’s record or history in returning to court for his required court appearances. (CPL 510.30 [2] [a] [vi].) However, absent from the list of factors to be considered when a court sets bail is the existence of any previous order of bail by a court which previously had jurisdiction over the defendant. Therefore, the fact that the local criminal court might have considered a specific amount of bail sufficient or reasonable is irrelevant to the superior court’s determination of bail. It is axiomatic that if the decision of the superior court in issuing its securing order setting a specific amount of bail is based *139 upon the factors and criteria set forth in CPL 510.30, and if said amount is not excessive, the absence of any reference to any bail previously set in local criminal court is irrelevant. The superior court is deemed to have acted within its discretion.
Nowhere in the legislative history, in the statute, nor in decisional case law authority do we find support for the proposition that a local criminal court securing order of recognizance or bail is binding upon the superior court when making its initial securing order, as required by CPL 510.10. Clearly, CPL 510.10 provides for a de novo, fresh determination of the defendant’s bail or liberty status, by the superior court, unencumbered by any prior local criminal court determination. (See, People ex rel. Bauer v McGreevy, 147 Misc 2d 213, supra; CPL 10.20.)
The defendant’s compliance or noncompliance with a previous securing order of recognizance or bail, to wit, his "previous record if any in responding to court appearances when required or with respect to flight to avoid criminal prosecution” (CPL 510.30 [2] [a] [vi]), is one of the factors that the bail-setting court must take into account. This must not and cannot be interpreted to mean that, simply because the defendant made bail in the amount set forth by local criminal court, and has returned to court, that amount of bail is thus sufficient and reasonable and more significantly, binding upon the superior court at the time it makes its initial securing order pursuant to CPL 510.10. It is merely a factor which may be considered. (CPL 510.30.)
CONCLUSIONS
A habeas court’s review is not appellate review. It is collateral review of the nisi prius court’s exercise of discretion, limited to a finding as to whether the nisi prius court’s bail decision, either denying or setting bail, constituted an exercise of discretion resting on a rational basis; whether the nisi prius court made its decision without reasons, or for reasons insufficient in law; whether the bail-setting court’s decision was arbitrary or improvident; whether the bail set was excessive, in violation of statutory and/or constitutional standards. The habeas court may not substitute its judgment nor exercise independent discretion as to the appropriate amount of bail it would have set.
A defendant who appears before the court charged with a felony is not entitled to bail as a matter of right. There is no *140 constitutional right to bail. The question of a criminal defendant’s liberty status is within the absolute discretion of the court where the accusatory instrument charging him with a felony is pending.
The court is required to issue a securing order of recognizance or bail or committing the defendant to custody every time the defendant’s future court attendance is or may be required. (CPL 510.10.) There is no limit to the number of applications for a securing order of recognizance or bail which may be made by a defendant. (See, Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 510.20, at 20.)
Whenever the court exercises its discretion in making a securing order under CPL 510.10, the court’s decision must be based upon a proper consideration of the factors and criteria set forth by statute. (CPL 510.30.)
A defendant first comes before the court at the arraignment stage. Then a first or initial release determination order is made. This order must comply with and take into account the statutory mandate of CPL 510.10 and 510.30. The court must make the appropriate record.
If the particular defendant gets indicted, the process is "repeated” at the superior court arraignment. The superior court, however, is not required to adopt as its own the securing order of the local criminal court: "the superior court’s order may be in the form of a direction continuing the effectiveness of the previous order.” (CPL 530.40 [2] [b] [emphasis added].)
The defendant’s contentions require this court to make several findings not supported by the record at bar. Further he asks the court to assume certain principles not supported by the law, to wit: that the securing order at arraignment in superior court was a proper initial release determination under CPL 510.10; that said order was based upon a finding after proper consideration of the factors set forth in CPL 510.30. However, in the case at bar, the record indicates otherwise. Whereas the defendant correctly states that CPL 530.40 (2) (b) permits but does not require the superior court at arraignment to continue the securing order of the local criminal court, he nevertheless is asking for a finding that the ACA 360 order be deemed an exercise of discretion by superior court which ought not to be disturbed. These propositions are unacceptable.
First, it would imply a presumptive exercise of discretion by the local criminal court, to wit, presumptive compliance with CPL 510.10 and CPL 510.30; second, it would make the secur *141 ing order of the local criminal court binding or res judicata on the superior court absent a change of circumstances; third, it would preempt the superior court from making its own independent discretionary determination and assessment of the particular circumstances affecting the defendant’s likelihood to return to court; fourth, it would in fact divest the superior court at arraignment of its inherent jurisdiction and power to exercise discretionary consideration of the criteria set forth in CPL 510.30, unless there is a clear showing of change in circumstances; fifth, the parties would be precluded from having a meaningful inquiry conducted by the court in which the criminal action is then pending, to wit, superior court; sixth, the absence of a request or application by either the defendant or the People at the superior court arraignment or subsequent calendar calls for a discretionary release determination and CPL 510.10/CPL 510.30 inquiry, would be deemed a waiver of the right to have the question of bail reviewed in superior court with reference to the statutory criteria set forth in CPL 510.30, unless the party seeking the application can show a change of circumstances.
From the record before me there is no showing that ACA 360 complied with the requirements of CPL 510.30.
It is worth noting that habeas review of a CPL 530.40 (2) (b) order would be impossible in the absence of record showing compliance with the statute. Special Term, in its habeas capacity, would have no basis to determine if ACA 360’s securing order was arbitrary, an abuse of discretion or in violation of statutory or constitutional standards.
The procedural guidelines may not be ignored. Simply because the defendant may be happy with the preexisting order does not make that order unreviewable by the nisi prius court.
DECISION
The securing order of Criminal Term Part 14 constituted superior court’s first discretionary release determination in this case.
The court, after application for an increase in bail by the People, conducted an inquiry on the record. The defense counsel and the People, both, argued their respective positions.
The official court transcript of proceedings for that day shows a discussion between the court and counsel where the following factors pertaining to this particular defendant were *142 examined: defendant’s prior criminal history; defendant’s probationary status; proximity in time between alleged sale of narcotics by defendant and his arrest; the seizure and recovery of buy money from defendant; another arrest with no disposition reported; a prior felony conviction; defendant’s record of court appearances on this case; defendant’s employment status; previous and present plea offers; possibility of flight; previous bench warrant history; strength/weaknesses of People’s case; possibility of conviction; sentencing guidelines.
The court thereafter indicated on the record, in part, as follows: "I heard you. And I’ve taken everything you said into consideration; however, I think a thousand dollar bail [sic] under this [sic] circumstance [sic] is not sufficient. I am setting bail now in the amount of $3500.00 cash or bond”. (Transcript, Sept. 24, 1996, at 7.)
The nisi prius court complied with the two-step procedure: in issuing its CPL 510.10 securing order, it conducted an inquiry showing its determination to exercise its discretion in setting bail at $3,500 was based upon consideration of the criteria set forth in CPL 510.30. Notwithstanding references by both counsel and the court to change in circumstances, such matters are not dispositive. This securing order was not a modification by a court of concurrent jurisdiction of a first release discretionary determination.
A change in circumstances is required only when the nisi prius court exercises its discretion to modify the first release determination securing order, or a securing order subsequent in time to the initial release determination order, provided CPL 510.30 is satisfied in every such instance. Moreover, after the first release determination all modifications must comply with CPL 510.30 and there must be a showing of change in circumstances warranting a bail modification.
The existence of a change in circumstances becomes a condition precedent to the nisi prius court’s exercise of discretion in making a determination to modify a prior securing order once it is clear from the record that the prior order constitutes a first release determination of a court of coordinate jurisdiction based upon the critéria of CPL 510.30.
If the prior securing order being modified was either a first release determination on the record or if the record is silent as to prior compliance by the bail-setting court of coordinate jurisdiction, no change in circumstances need exist provided the bail set by the nisi prius court order now subject to review is not excessive in violation of statutory or constitutional standards.
*143 The result and outcome sought by the defendant, under the facts of this case, would in essence emasculate the court. It would in effect remove and negate the superior court’s inherent power and authority to make its own independent securing order. (CPL 510.10, 510.30.)
The fact that the defendant in the case at bar is now in jail may, from his perspective, be unfair. However, the actions of the nisi prius court were not illegal. There is clear statutory authority and decisional case law to support the nisi prius court’s exercise of its power and jurisdiction to pass upon the question of bail de novo. This is not an abuse of discretion. Nor is it a violation of a statutory or constitutional standard. The defendant is unable to make the new bail. His inability to post said bail does not render it excessive. The order of Criminal Term Part 14 was based upon a rational basis delineated by the criteria of CPL 510.30.
Defendant’s contention that the bail set was excessive, to wit, beyond his means, is not an issue for proper consideration by a bail-setting court. "The lack of logic in a contention that simply because bail has been set in an amount within reach of a criminal defendant it is ipso facto not unreasonable is, or should be, just as apparent as the reverse fallacy, that simply because a defendant cannot furnish the bail set by the court, it is excessive. Excessiveness of bail is an objective finding to be made according to objective criteria, codified in New York by statute * * * Means is not one of them.” (Jennings v Abrams, 565 F Supp 137, 138 [SD NY 1983]; but see, People ex rel. Mordkofsky v Stancari, 93 AD2d 826, supra.) Bail cannot be set in an unreasonably high amount nor can it be set as a punitive measure. (People v Torres, 112 Misc 2d 145, supra.) To interpret consideration of a defendant’s financial resources to mean that a court is mandated to set bail in an amount the defendant is able to pay is unacceptable.
"The CPL does not require that the court take the defendant’s resources into account, reflecting the policy that the defendant is not 'entitled to such bail as he can provide, but he is entitled to an opportunity to make it in a reasonable amount’ (see, Stack v. Boyle, 1951, 72 S. Ct. 1, 6 * * * [concurring opinion of Justice Jackson])”. (Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11A, CPL 510.30, at 26.)
"Another factor which is not included in the statute, for clear constitutional reasons, is a defendant’s means. Simply because bail is fixed within the means of a defendant does not necessarily make it reasonable; conversely, bail is not consid *144 ered to be excessive merely because a defendant cannot furnish it”. (Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 510.30, at 23 [1984 ed].)
Under the circumstances surrounding this particular defendant, the bail set after proper consideration of the criteria set forth in CPL 510.30 may not be deemed excessive as a matter of law nor an abuse of discretion.
The determination by Criminal Term Part 14 was an exercise of discretion resting on a rational basis. Within the narrow parameters of habeas review in light of the applicable law and criteria it was neither arbitrary nor improvident, nor did it constitute an invasion of a constitutional right nor a violation of a statutory or constitutional standard. The nisi prius court was authorized to act as it did. For the reasons stated in this opinion this court may not overturn the securing order of bail of Criminal Term Part 14. The petition for a writ of habeas corpus is hereby denied.
[Portions of opinion omitted for publication.]