People ex rel. Nieves v Maginley-Liddie (2024 NY Slip Op 00367)

People ex rel. Nieves v Maginley-Liddie

2024 NY Slip Op 00367

Decided on January 30, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 30, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
LARA J. GENOVESI
LAURENCE L. LOVE, JJ.

2024-00669

[*1]The People of the State of New York, ex rel. Jose L. Nieves, on behalf of Kadeem Anderson, petitioner,
v
Lynelle Maginley-Liddie, etc., respondent.

Jose L. Nieves, Bayside, NY, petitioner pro se.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Nancy Fitzpatrick Talcott, Jacob Bentley, and Samuel Pellegrino of counsel), for respondent.

DECISION & JUDGMENT
Writ of habeas corpus in the nature of an application to release Kadeem Anderson upon his own recognizance pursuant to CPL 30.30(2)(a) or, in the alternative, to set reasonable bail upon Queens County Indictment No. 73697/2022.
ADJUDGED that the writ is dismissed, without costs or disbursements.
"Where, as here, a defendant is being held in custody on a felony, the defendant is subject to release if the People are not ready for trial within 'ninety days from the commencement of his or her commitment'" (People ex rel. Hereth v Franchi, 214 AD3d 932, 933, quoting CPL 30.30[2][a]). "When making a motion pursuant to CPL 30.30(2)(a) to be released on bail or his or her own recognizance, a defendant who has been committed to the custody of the sheriff has the initial burden of demonstrating, by sworn allegations of fact, that there has been an inexcusable delay beyond the time set forth in the statute. Once a defendant has alleged that more than the statutorily prescribed time has elapsed without a declaration of readiness by the People, the People bear the burden of establishing sufficient excludable delay" (People ex rel. Nieves v Molina, 207 AD3d 797, 798 [citation omitted]; see People v Santos, 68 NY2d 859; People v Berkowitz, 50 NY2d 333, 348-349; People ex rel. Ferro v Brann, 197 AD3d 787, 787). The People also bear the burden of "ensur[ing], in the first instance, that the record of the proceedings . . . is sufficiently clear to enable the court considering the . . . CPL 30.30 motion to make an informed decision as to whether the People should be charged with any delay" (People ex rel. Nieves v Molina, 207 AD3d at 798 [internal quotation marks omitted]; see People v Cortes, 80 NY2d 201, 215-216). "After the People identify the exclusions on which they intend to rely[,] . . . the defense must identify any legal or factual impediments to the use of these exclusions" (People v Henderson, 120 AD3d 1258, 1258 [internal quotation marks omitted], affd 28 NY3d 63).
Despite the petitioner's contention to the contrary, the Supreme Court correctly determined that the People are not chargeable with any of the time period from July 20, 2023, when the matter was calendared for the defendant's new counsel to appear with him in court to select a date for a pretrial suppression hearing, to September 11, 2023, the adjourned date for the hearing, regardless of whether the People were ready on July 20, 2023 (see People v Harvey, 214 AD3d 672, 673; People v Cox, 161 AD3d 1100, 1101). The court also correctly charged the People with only [*2]the one day of adjournment that they requested on September 11, 2023, rather than the entirety of the adjournment period granted, to September 27, 2023, since, "'[a]s to periods of delay that occur following the People's statement of readiness, any period of an adjournment in excess of that actually requested by the People is excluded'" (People v Brown, 28 NY3d 392, 404, quoting People v Boumoussa, 104 AD3d 863, 863; see People v Cantoni, 140 AD3d 782, 785; People v Owens, 138 AD3d 1035, 1035).
Moreover, contrary to the petitioner's contention, the People are not chargeable with the time period of an extension granted to them by the Supreme Court to submit written argument after the suppression hearing. Where the People seek and receive an extension of time to respond to a motion made by the defendant, they are not chargeable with that period of time (see People ex rel. Nieves v Molina, 207 AD3d 797). Although the People are chargeable with their one-day delay in requesting the extension, they are not thereby chargeable with more than 90 days of delay in bringing the defendant to trial on Queens County Indictment No. 73697/2022 (see CPL 30.30[2][a]).
Accordingly, the petitioner failed to demonstrate entitlement to relief pursuant to CPL 30.30(2)(a).
There is no basis in the record on which to conclude that the determination of the Supreme Court violated "constitutional or statutory standards" (People ex rel. Klein v Krueger, 25 NY2d 497, 499; see People ex rel. Rosenthal v Wolfson, 48 NY2d 230; People ex rel. Steinagle v Howard, 204 AD3d 1491, 1492; People ex rel. Siegel v Sielaff, 182 AD2d 389, 390; People ex rel. Mordkofsky v Stancari, 93 AD2d 826, 827).
CONNOLLY, J.P., CHAMBERS, GENOVESI and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court