OPINION OF THE COURT
John L. DeMarco, J.
On or about December 8, 2015, defendant was arraigned in Rochester City Court (Castro, J.) on two counts of kidnapping in the second degree (Penal Law § 135.20). The People requested bail in the amount of $100,000 cash, or $250,000 bond. The judge set bail at $50,000 cash or bond and scheduled defendant’s return date for the appearance of counsel for December 10, 2015. On that date, defendant appeared with her current attorney, David Murante, Esq. At the December 10, 2015 appearance, upon information and belief, defense counsel’s oral application for the reduction of defendant’s bail was denied. As of the date of this opinion, defendant remains in custody at the Monroe County Jail on $50,000 cash or bond.
Defendant now comes before this court, through counsel, pursuant to Criminal Procedure Law § 530.30 (1) (c), seeking modification of her current bail status on the ground that it is excessive. More specifically, she seeks a reduction of the current $50,000 bond to $20,000, to be secured by her father’s home as collateral should defendant fail to return to court. In support of the instant bail application, defense counsel contends that following his initial appearance as defendant’s counsel on December 10, 2015, he obtained additional information which, because then unknown to him, he did not argue to the arraignment court. Upon information and belief provided by defense counsel, the additional information includes defend *495 ant’s close relationship with her parents and that, to that end, defendant’s father is willing to risk losing the security of his one and only asset, i.e., the family home, to insure defendant’s return to court; that defendant was a “straight A” student in high school and at the time of the instant offense a full-time student at Finger Lakes Community College; and that defendant’s involvement in the instant offense was relatively minor as compared to her codefendants, inasmuch as she was present for just three hours immediately before the victims were liberated by law enforcement and is not alleged to have participated in the abduction, restraint, or abuse of the victims. Defense counsel also argues that notwithstanding defendant’s sentencing exposure if convicted, given her lack of criminal history and relatively minor role in the crimes charged, she would be unlikely to receive the maximum sentence, which militates against her risk of flight.
The People are steadfastly opposed to any reduction in defendant’s bail or bond status. They argue that the information now presented is the same information that was presented to the arraignment court. Moreover, say the People, the weight of the evidence against defendant is overwhelmingly in their favor, to include, among other things, physical and statement evidence tending to support defendant’s guilt. For these reasons, the People maintain that there is no change in circumstances warranting modification of defendant’s current bail status, and therefore defendant’s bail application should be denied.
The People’s position that defense counsel’s request for a bail reduction should be denied because there has been no change in circumstances raises the question whether that somewhat hackneyed buzz phrase—which, to no one’s discredit, has been bandied about by prosecutors, defense attorneys, and judges in this legal community for many years as the dispositive factor—is indeed what judges must consider in deciding whether to grant or deny a request to modify bail. For the reasons that follow, the court finds that consideration of whether there has been a “change in circumstances” is not the dispositive standard for determining the merits of an application seeking modification of bail.
The mechanism by which a Monroe County Superior Court Judge reviews the bail determination of any lower court is affectionately known as a “Part 1” bail application. The statutory authority for this remedy is set forth in CPL 530.30 (1) (c). That provision reads, in pertinent part:
*496 “1. When a criminal action is pending in a local criminal court,... a judge of a superior court holding a term thereof in the county, upon application of the defendant, may order recognizance or bail when such local criminal court: . . .
“(c) Has fixed bail which is excessive. In such case, such superior court judge may vacate the order of such local criminal court and ... fix bail in a lesser amount or in a less burdensome form.”
Clearly, the applicable statute makes no mention at all of change in circumstances as a factor. Rather, it “provides an avenue for de novo review of securing orders fixed by all local criminal courts where defendants allege the terms to be unlawful or overly severe” (Peter Preiser, 2009 Practice Commentaries, McKinney’s Cons Laws of NY, Book 11A, CPL 530.30 at 137). It is equally well settled that “[c]hanges in relevant facts, of course, may require reconsideration of a bail determination” (People ex rel. Rosenthal v Wolfson, 48 NY2d 230, 233 [1979]). Notably, it appears that “change in circumstances” is a more pertinent consideration for the trial court when a matter is returned from the Appellate Division in the context of habeas corpus review (see People ex rel. Taylor v Meloni, 96 AD2d 1149 [4th Dept 1983]).
Defense counsel argues here that the bond amount in question should be reduced to $20,000. The court agrees. Mindful of the governing law, the court is persuaded that defense counsel’s application for a reduction of bail includes detailed substantive information he was not privy to when he initially appeared with defendant on December 10, 2015. This is not to say that the proper standard is whether defense counsel has received new or additional information; as illustrated above, the applicable statute (CPL 530.30 [1] [c]) speaks for itself. Defense counsel’s receipt of new or additional information remains critically important to a judge’s assessment of bail in any given case to militate against the prospect of excessive bail. This court, upon its de novo review of the arraignment court’s bail determination and in applying the criteria for fixing bail under CPL 510.30, finds that defense counsel has proffered a legally compelling basis establishing that bail as currently set in this matter, based upon the totality of circumstances particular to this defendant, is more burdensome than necessary to secure defendant’s presence at future court appearances.
For the aforesaid reasons, pursuant to CPL 530.30 (1) (c), the court will vacate the lower court’s securing order and fix *497 bail in a less burdensome form sufficient to insure defendant’s return to court.
Accordingly, it is hereby ordered, that the securing order in this matter issued by the Rochester City Court (Castro, J.) on December 8, 2015 is vacated; and it is further ordered, that a new securing order shall be issued setting bail in the amount of $20,000 cash or bond; and it is further ordered, that, should defendant make bail, defendant’s release is conditioned on her being confined to her father’s residence, such home confinement to be secured by an electronic monitoring device attached to defendant’s person.