People ex rel. Rankin v Brann (2022 NY Slip Op 00153)





People ex rel. Rankin v Brann


2022 NY Slip Op 00153


Decided on January 11, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 11, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
REINALDO E. RIVERA
JOSEPH J. MALTESE
WILLIAM G. FORD, JJ.


2021-09217

[*1]The People of the State of New York, ex rel. Douglas G. Rankin, on behalf of Tyrone Waller, petitioner,
v
Cynthia Brann, etc., respondent.


Law Office of Douglas G. Rankin, P.C., Brooklyn, NY (Douglas G. Rankin pro se of counsel), for petitioner.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Nancy Fitzpatrick Talcott, Emily Aguggia, and Erin Mullins of counsel), for respondent.



DECISION & JUDGMENT
Writ of habeas corpus, inter alia, in the nature of an application to release Tyrone Waller on his own recognizance or, in the alternative, to set reasonable bail upon Queens County Indictment No. 1050/2021.
ADJUDGED that the writ is sustained, without costs or disbursements, to the extent that the matter is remitted to the Supreme Court, Queens County, to conduct an evidentiary hearing pursuant to CPL 530.60(2)(c), and the writ is otherwise dismissed.
The principal, Tyrone Waller, was charged with two counts of criminal possession of a weapon in the second degree, among other charges, in Queens County Indictment No. 1050/2021. Criminal possession of a weapon in the second degree is a "qualifying offense" for which bail was set in the instant case (CPL 510.10[4][a]; see Penal Law §§ 70.02[1][b], 265.03[1][b]; [3]). The principal posted bail the day after his arraignment on the charges.
The People assert that while the principal was at liberty on these charges, he committed additional violent felony offenses. He was arrested three subsequent times and indicted on one set of those charges. At an appearance before the Supreme Court, Queens County, on October 29, 2021, the People applied to modify the principal's securing order on Indictment No. 1050/2021, so as to revoke his bail and remand him due to his subsequent arrests. The People argued that CPL 530.60(1) applied to the circumstances and that the court should remand the defendant "for good cause shown." Defense counsel argued that CPL 530.60(2)(a) applied to the circumstances of this application, and thus, the court was required to hold an evidentiary hearing under CPL 530.60(2)(c) to determine whether there was "reasonable cause" to believe that his client committed the subsequent violent felony offenses. Relying on a case entitled People v Garcia (67 Misc 3d 511 [Crim Ct, Bronx County]), the court determined that CPL 530.60(1) applied and it remanded the principal on Indictment No. 1050/2021 without holding a hearing pursuant to CPL 530.60(2)(c), and without the submission of any evidence. On the basis of the People's representations, the court noted that the principal was arrested three subsequent times, had been indicted on one set of those charges, and that he had violated a condition of the securing order on Indictment No. 1050/2021 by being arrested on the subsequent occasions. Relying on Garcia, the court held that it could apply CPL 530.60(1), to the exclusion of CPL 530.60(2), because the principal was charged with a qualifying offense in Indictment No. 1050/2021. We disagree with this interpretation of the statute under the particular circumstances of this case.
CPL 530.60 sets forth the procedures and standards for modifying securing orders throughout the course of a pending criminal action. CPL 530.60(1) authorizes a court, "for good cause shown," to revoke an order of recognizance, release under nonmonetary conditions, or bail. This subdivision does not set forth any particular requirement as to what type of hearing, if any, is necessary. This subdivision, in sum and substance, has been part of the statute since the CPL was enacted in 1970 (see L 1970, ch 996, § 1; People v Saulnier, 129 Misc 2d 151, 153 [Sup Ct, New York County]). CPL 530.60(1) deals "with review based upon the traditional pre-trial securing order criterion [pursuant to CPL 510.30(2)] where the objective is to determine 'the kind and degree of control or restriction that is necessary to secure [the defendant's] court attendance when required'" (Peter Preiser, Practice Commentaries, McKinney's Cons Laws of NY, CPL 530.60, quoting CPL 510.30[2]).
By contrast, the provisions contained in the current version of CPL 530.60(2)(a) and (c) were added into the statute in 1981, and they authorized a form of "preventive detention" based on the principal's alleged commission of certain offenses while at liberty on prior felony charges (Peter Preiser, Practice Commentaries, McKinney's Cons Laws of NY, CPL 530.60; see L 1981, ch 788, § 2; People v Torres, 112 Misc 2d 145, 146-147 [Sup Ct, New York County]). This change was "somewhat controversial at the time" (People v Garcia, 67 Misc 3d at 517), because it was "motivated by the concept that potential harm to the community, and not only the possibility of flight, should influence the initial decision to permit pretrial release" (People v Torres, 112 Misc 2d at 151). "Because it marked 'a departure from traditional practice and because it [was] so potentially subject to abuse, it was expressly limited to only those cases where one already charged with a serious crime [was] rearrested for another'" (People v Garcia, 67 Misc 3d at 517, quoting People v Torres, 112 Misc 2d at 152). CPL 530.60(2)(a), in its current form, comports with this legislative intent and historical context, and its plain, unambiguous language applies to the circumstances of the instant case.
In relevant part, CPL 530.60(2)(a) states that "[w]henever in the course of a criminal action or proceeding a defendant charged with the commission of a felony is at liberty as a result of an order of recognizance, release under non-monetary conditions or bail issued pursuant to this article it shall be grounds for revoking such order that the court finds reasonable cause to believe the defendant committed one or more . . . violent felony offenses." By its express terms, this statutory section applies to situations where a principal is accused of committing violent felony offenses while he or she was "at liberty as a result of . . . bail" on a pending felony charge (id.). A principal charged with a felony who was out on bail on that charge necessarily includes individuals charged with qualifying offenses since the setting of bail is not initially authorized for nonqualifying offenses (see CPL 510.10[1], [3], [4]). Thus, contrary to the Supreme Court's determination, CPL 530.60(2)(a) clearly applies to the circumstances here. Since the People applied for remand on the sole basis that the principal was accused of committing violent felony offenses while at liberty on the underlying felony charges, the court was required to apply the standard in CPL 530.60(2)(a) and to conduct the hearing mandated in CPL 530.60(2)(c).
Moreover, to the extent the Supreme Court's determination was based, in part, on its finding that the principal violated a condition of his securing order by being arrested three times while at liberty on bail, the provisions of CPL 530.60(2) clearly apply as mandated by CPL 510.30(3). CPL 510.30(3) states that when bail is ordered on a felony charge, "the court shall inform the principal . . . that the release is conditional and that the court may revoke the order of release and may be authorized to commit the principal to the custody of the sheriff in accordance with the provisions of subdivision two of section 530.60 of this chapter if the principal commits a subsequent felony while at liberty upon such order" (emphasis added). Under the circumstances of this case, the court was required to apply the provisions of CPL 530.60(2)(a) and (c).
We note that the circumstances in People v Garcia (67 Misc 3d 511) are distinguishable from the instant matter. That case was focused on interpreting the interplay of CPL 530.60(1) and (2)(b) as they applied to modifying a securing order on a qualifying felony offense on the basis of a principal's failures to appear in court and his subsequent arrests for nonviolent offenses. The court in Garcia focused on the "anomalous and nonsensical outcomes" that would exist if subdivision (2)(b) and (c) had to be applied in those circumstances (People v Garcia, 67 Misc 3d at 518). We do not pass upon that particular determination. In this case, however, where the sole basis for modification of the securing order is the principal's subsequent arrests and alleged [*2]commission of subsequent crimes, and where the plain text and legislative purpose of subdivision 2(a) apply, the Supreme Court should have considered the People's application under CPL 530.60(2)(a) and held the hearing required by CPL 530.60(2)(c). We therefore sustain the writ to the extent of remitting this matter to the Supreme Court, Queens County, to conduct an evidentiary hearing pursuant to CPL 530.60(2)(c), and the writ is otherwise dismissed.
BARROS, J.P., RIVERA, MALTESE and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court