People ex rel. Steinagle v Howard (2022 NY Slip Op 02901)

People ex rel. Steinagle v Howard

2022 NY Slip Op 02901

Decided on April 29, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 29, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, NEMOYER, AND WINSLOW, JJ.

140 KAH 21-00466

[*1]THE PEOPLE OF THE STATE OF NEW YORK EX REL. CAROL STEINAGLE, PETITIONER-APPELLANT,
v
TIMOTHY B. HOWARD, ERIE COUNTY SHERIFF, RESPONDENT-RESPONDENT. 

LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (BARRY N. COVERT OF COUNSEL), FOR PETITIONER-APPELLANT. 
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (ASHLEY R. LOWRY OF COUNSEL), FOR RESPONDENT-RESPONDENT. 

 Appeal from a judgment (denominated order) of the Supreme Court, Erie County (John L. Michalski, A.J.), entered March 9, 2021 in a habeas corpus proceeding. The judgment dismissed the petition. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law without costs, the petition is reinstated, the petition is granted in part, and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: Petitioner commenced this proceeding seeking a writ of habeas corpus challenging her detention on the ground that Supreme Court (Haendiges, J.) (bail-setting court) had abused its discretion in remanding her to custody without bail. Supreme Court (Michalski, A.J.) dismissed the petition, and petitioner appeals.
At oral argument before this Court, petitioner conceded that the bail-setting court is permitted to consider factors other than those explicitly set forth in CPL 510.30 (1), but on appeal petitioner contends that the bail-setting court failed to adequately "explain its choice of release, release with conditions, bail or remand on the record or in writing," as required by CPL 510.10 (1). We agree.
"The action of a bail-fixing court is nonappealable, but may be reviewed in a habeas corpus proceeding 'if it appears that the constitutional or statutory standards inhibiting excessive bail or the arbitrary refusal of bail are violated' " (People ex rel. Rosenthal v Wolfson, 48 NY2d 230, 232 [1979], quoting People ex rel. Klein v Krueger, 25 NY2d 497, 499 [1969]). "When reviewing a bail determination, the habeas corpus court is limited to the record that was before the nisi prius court" (People ex rel. Taylor v Meloni, 96 AD2d 1149, 1149 [4th Dept 1983]; see Rosenthal, 48 NY2d at 231-232), and the scope of review is limited to whether the court " 'abused its discretion by denying bail without reason or for reasons insufficient in law' " (People ex rel. Gugino v Braun, 58 AD2d 738, 738-739 [4th Dept 1977], quoting People ex rel. Shapiro v Keeper of City Prison, 290 NY 393, 399 [1943]). Where the bail-setting court's determination is supported by a rational basis in the record, it is "beyond correction in habeas corpus" (People ex rel. Parone v Phimister, 29 NY2d 580, 581 [1971]). Under the recently revised statutory scheme, "the court in all cases, unless otherwise provided by law, must impose the least restrictive kind and degree of control or restriction that is necessary to secure the principal's return to court when required" (CPL 510.30 [1]).
Here, after considering all of the relevant factors under CPL 510.30 (1), the bail-setting court determined that remand was the least restrictive condition. We conclude that the bail-setting court failed to comply with the statutory mandate of CPL 510.10 (1) because it failed to "explain its choice of release, release with conditions, bail or remand on the record or in writing." [*2]We therefore reverse the judgment, reinstate the petition, and grant the petition in part, and we remit the matter to the bail-setting court for further proceedings to satisfy the requirements of CPL 510.10 (1) (see generally People ex rel. Rankin v Brann, 201 AD3d 675, 677 [2d Dept 2022]; People ex rel. Bauer v McGreevy, 147 Misc 2d 213, 216 [Sup Ct, Rensselaer County 1990]; Becher v Dunston, 142 Misc 2d 103, 104 [Sup Ct, Rensselaer County 1988]). In light of our determination, we do not address petitioner's contention regarding whether remand is warranted in this case.
Entered: April 29, 2022
Ann Dillon Flynn
Clerk of the Court