People ex rel. Kon v Lynelle Maginley-Liddie (2025 NY Slip Op 05785)

People ex rel. Kon v Lynelle Maginley-Liddie

2025 NY Slip Op 05785

Decided on October 21, 2025

Court of Appeals

Halligan

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 21, 2025

No. 76

[*1]The People & c. ex rel. Hannah Kon, & c., Appellant,

v

Lynelle Maginley-Liddie, & c., Respondent.

Hannah Kon, for appellant.

Nancy Fitzpatrick Talcott, for respondent.

HALLIGAN, J.

While awaiting retrial after his criminal conviction was reversed on appeal, defendant Diego Guerra applied for a new securing order under the current version of the bail law. That statute requires a court to "make an individualized determination" as to the defendant's flight risk and to "explain the basis for its determination and its choice of securing order on the record or in writing" (CPL 510.10 [1]; see also 530.40 [4]). Supreme Court ordered the defendant remanded to custody but neither explained that decision nor made an explicit determination as to flight risk.

Defense counsel filed this habeas petition in the Appellate Division, and we now review that Court's dismissal of the writ. We conclude that Supreme Court abused its discretion by failing to make an individualized flight risk determination and to explain both the basis for that determination and the choice of securing order, as required by statute. Accordingly, we reverse and remand to the Appellate Division for issuance of a new securing order in compliance with CPL 510.10.

I.

In August 2017, the defendant was arrested and charged with multiple counts of promoting and possessing a sexual performance by a child. Supreme Court set bail at $50,000 in cash or a $75,000 bond; the defendant was [*2]unable to post bail and was remanded to custody, where he remained. He was subsequently convicted at trial and sentenced to prison.

On direct appeal, the Appellate Division reversed the conviction and ordered a new trial (see People v Guerra, 231 AD3d 852 [2d Dept 2024]). The court found that the conviction was supported by legally sufficient evidence and was not against the weight of the evidence, but that the defendant had received ineffective assistance of counsel. Two Justices dissented, and one granted the People leave to appeal to this Court. That appeal remains pending, and we express no opinion on the questions it presents.

Meanwhile, upon reversal of the defendant's conviction, his new counsel made a new bail application to Supreme Court. The bail law had been amended since the defendant's initial arrest to create a presumption of release for most offenses and establish procedural requirements for issuance of securing orders for certain "qualifying offenses." As explained below, those requirements include an individualized determination as to the defendant's flight risk and an explanation on the record of the basis for that determination and the court's choice of securing order.

Before Supreme Court, the defendant and the People took opposing positions on whether he should be remanded. The defendant argued that he was not a flight risk because he had no other arrests or convictions, did not want to risk returning to jail after nearly a decade of incarceration, had maintained his innocence and wanted to clear his name, and intended to return to work as a mechanic. Additionally, the defendant contended that the People would be unlikely to prevail in the direct appeal. The People countered that the defendant should remain in custody until his direct appeal is resolved, citing the "strong likelihood" they would prevail before this Court for the reasons set forth in the Appellate Division dissent, the "disturbing charges that [the defendant] ha[d] been convicted of," the "strong evidence" against him, and the "very hefty sentence that he still needs to fulfill" "if he loses" on direct appeal.

After the People concluded their argument, Supreme Court ruled without elaboration: "The Court has considered all the factors outlined in section 510.30 in the CPL and the Court finds that the least restrictive means of assuring his return to court is, in fact, continued remand." The court did not state that it found the defendant posed a flight risk, nor explain the basis for that conclusion or its decision to remand him.

Defense counsel filed this habeas petition in the Appellate Division on the defendant's behalf, contending that Supreme Court's remand order violated CPL 510.10 (1). The Appellate Division dismissed the writ, stating only that the remand order "did not violate 'constitutional or statutory standards' " (People ex rel. Kon v Maginley-Liddie, 234 AD3d 808, 808 [2d Dept 2025] [quoting People ex rel. Klein v Krueger, 25 NY2d 497, 499 (1969)]). After the petitioner's motion to reargue was denied, this Court granted leave to appeal.

II.

In 2019, between the defendant's initial bail hearing upon arrest and his new bail hearing following reversal of his conviction, CPL 510.10 was amended as part of bail reforms that eliminated cash bail for all but a set of qualifying offenses (see L 2019, ch 59, part JJJ, § 2). Where, as here, a defendant is charged with a qualifying offense (see CPL 510.10 [4] [i]), the court has discretion to release them on their own recognizance or under non-monetary conditions; fix bail; order non-monetary conditions in conjunction with fixing bail; or, when the qualifying offense is a felony, remand them to custody (CPL 510.10 [4]; 530.40 [4]). The amended statute also imposes certain procedural requirements in conjunction with this decision. Specifically, the court "shall make an individualized determination as to whether the [defendant] poses a risk of flight to avoid prosecution, consider the kind and degree of control or restriction necessary to reasonably assure the [defendant's] return to court, and select a securing order consistent with its determination" (CPL 510.10 [1]). In making this determination, the court "must consider and take into account available information about the [defendant], including" certain enumerated factors [FN1] and must "explain the basis for its determination and its choice of securing order on the record or in writing" (id.; see also CPL 530.40 [4]).

Supreme Court's remand order did not comply with CPL 510.10 (1)'s statutory commands to make an individualized flight-risk determination and explain the basis for that determination and its choice of securing order. The Court stated that it "considered" the factors set forth in "section 510.30 in the CPL" and found that remand was the "least restrictive means of assuring [defendant's] return to court." That statement seemingly mistakes CPL 510.30 for CPL 510.10 (which lists the factors for determining flight risk) and recites the old legal standard, "least restrictive means." And beyond that, the court provided no reasoning for its choice to remand. Nor did the court state on the record that the defendant posed a flight risk, let alone explain the basis for that determination.

The People claim the court's thinking is nonetheless "obvious" because its ruling indicates that the decision was based on risk of flight, and we should infer the court adopted the People's arguments on the record. Neither contention persuades. The court's cursory statement that it "considered" the factors in "section 510.30" (not the applicable provision, CPL 510.10) does not indicate which factors the court relied upon, or which (if any) it rejected. Although the court did "select a securing order" (CPL 510.10 [1])—that is, remand—we cannot discern its rationale because it did not identify one. Perhaps the court selected remand because it adopted all of the People's arguments, but it might also have adopted only some of the People's arguments while rejecting others, or relied on different reasons entirely. Any inference as to the court's reasoning would be purely speculative.

Nor can we know whether the court determined that the defendant posed a flight risk. Again, the court did not say so. Discerning the court's reasoning would therefore require inference upon inference. That would be plainly inconsistent with the statutory requirement to "explain" and would frustrate any habeas review of the court's determination. At the very least, the statute requires the court to identify its reasoning by putting words on the record or in writing.

To be sure, the court is not required to "engag[e] in a lengthy catechistic discussion of all bail factors" (People ex rel. Griffin v Brann, 72 Misc 3d 237, 250 [Sup Ct, Bronx County 2020] [emphasis in original]; see also State of N.Y. ex rel. Rooney v Brann, 68 Misc 3d 679, 683-84 [Sup Ct, Kings County 2020]). But at a minimum, the statute requires the court to provide substantive reasoning for its determination whether the defendant poses a flight risk and its selection of securing order. The court failed to do so here.

III.

We now turn to the remedy. Bail determinations are not directly appealable, but a court may review the denial of bail or the fixing of its amount in a habeas proceeding "if it appears that the constitutional or statutory standards inhibiting excessive bail or the arbitrary refusal of bail [have been] violated" (People ex rel. Klein, 25 NY2d at 499). That review is quite limited: when assessing the propriety of the bail court's order, the habeas court may not "examine the bail question afresh" or make a "de novo determination of bail" (id. at 501). Moreover, the habeas court's review is confined to the record on which the bail determination was made (see People ex rel. Rosenthal v Wolfson, 48 NY2d 230, 233 [1979]).

The statutory framework for habeas proceedings is set forth in CPLR 7010. Subdivision (a) directs a court to discharge a person "illegally detained"; subdivision (b) provides that where the denial of bail "constitute[s] an abuse of discretion" and the habeas court does not order the defendant discharged, the habeas court "must fix the amount of bail." The defendant argues that if we conclude that the trial court failed to fully comply with section 510.10, his detention is illegal and we must discharge him under CPLR 7010 (a). The People counter that if we find any fault with the trial court's findings, the appropriate remedy is to hold the habeas proceeding in abeyance and remand for further explanation.

To be clear, a court must make the findings directed by CPL 510.10 (1) before issuing a securing order. Had the court done so, remand of the defendant would have been authorized because the defendant was charged with a qualifying offense. The court's failure to comply with the procedural requirements thus did not render the defendant's detention "illegal[]" for purposes of CPLR 7010 (a). We conclude that the court's deficient ruling is instead properly understood as an abuse of discretion.[FN2]

Accordingly, the Appellate Division judgment should be reversed, without costs, and the matter remitted to the Appellate Division for further proceedings in accordance with this opinion.

RIVERA, J. (concurring):

Criminal Procedure Law 510.10 (1) provides, in relevant part:

"When a principal, whose future court attendance at a criminal action or proceeding is or may be required, comes under the control of a court, such court shall impose a securing order in accordance with this title. . . . [T]he court shall make an individualized determination as to whether the principal poses a risk of flight to avoid prosecution, consider the kind and degree of control or restriction necessary to reasonably assure the principal's return to court, and select a securing order consistent with its determination under this subdivision. The court shall explain the basis for its determination and its choice of securing order on the record or in writing."

By definition, a court has no discretionary authority to contravene this statutory command to explain the basis for its determination of flight risk and choice of securing order (cf. People ex rel. Steinagle v Howard, 204 AD3d 1491, 1492 [4th Dept 2022] ["(T)he bail-setting court failed to comply with the statutory mandate of CPL 510.10 (1) because it failed to explain its choice . . . on the record or in writing"] [internal quotation marks omitted]).

As the majority explains, Supreme Court failed to comply with its mandate because it failed "to provide substantive reasoning for its determination whether the defendant poses a flight risk and its selection of securing order" (majority op at 6). That failure constitutes an error of law, and not, as the majority concludes, an abuse of discretion. Logically, for a court to abuse its discretion, it must first be instilled with the power to choose a course of action and to exercise judgment in deciding an issue (see e.g. People ex rel. Welch v Maginley-Liddie, —NY3d&mdash, &mdash, 2025 NY Slip Op 03645, *1 [2025] ["CPL 510.10 (4) (t) provides a judge with discretion to set bail on certain otherwise non-qualifying offenses committed after a defendant has been 'released under conditions' on a prior charge"]; People v McClemore, 4 NY3d 821, 822 [2005] ["CPL 530.13 (4) provides a court with discretion to enter an order of protection '[u]pon conviction of any offense' "]; Tipaldo v Lynn, 26 NY3d 204, 215 [2015] ["Labor Law § 740 (5) provides courts with discretion to determine what is considered 'compensation' and 'remuneration' "]). CPL 510.10 (1) does not authorize the court to withhold its reasoning for its determination of flight risk and choice of securing order, and accordingly, the court's failure to comply is a clear error of law, not a discretionary misstep (see Arthur Karger, Powers of the New York Court of Appeals § 16:4 [Sept. 2025] ["A reviewable question of law is . . . presented where the court below has summarily rejected an application by a party for a discretionary remedy without in any way exercising its discretion with regard thereto"]; see also Steinagle, 204 AD3d at 1492 [concluding, without referring to the error as an abuse of discretion, that the bail-setting court's failure to comply with CPL 510.10 (1)'s statutory mandate warranted reversal of the lower court's judgment and remittal to the bail-setting court for further proceedings to satisfy the requirements of CPL 510.10 (1)]).

Although I disagree with the majority's characterization of the court's failure here, I agree that the appropriate remedy is reversal of the Appellate Division judgment and remittal to that Court for issuance of a new securing order that complies with all of the requirements of CPL 510.10.

Judgment reversed, without costs, and matter remitted to the Appellate Division, Second Department, for further proceedings in accordance with the opinion herein. Opinion by Judge Halligan. Chief Judge Wilson and Judges Garcia, Singas and Cannataro concur.

Judge Rivera concurs in result in an opinion, in which Judge Troutman concurs.

Decided October 21, 2025

Footnotes

Footnote 1: The factors to be considered include the individual's "activities and history"; "the charges"; the individual's "criminal conviction record" and certain juvenile delinquency records; the "previous record with respect to flight to avoid criminal prosecution"; in cases where bail is authorized, "individual financial circumstances," "ability to post bail without posing undue hardship," and ability to obtain a bond; "history of use or possession of a firearm"; "whether the charge is alleged to have caused serious harm" to one or more individuals; and, if the defendant seeks "a securing order pending appeal," "the merit or lack of merit of the appeal" (CPL 510.10 [1]).

Footnote 2: CPLR 7010 was not amended alongside CPL 510.10. The wider range of securing orders and the requirements that the court make an individualized flight risk determination and provide reasons for that determination and the choice of securing order may not squarely fit within the options for a habeas proceeding provided by either CPLR 7010 (a) or CPLR 7010 (b).