People ex rel. Cassar v Toulon (2025 NY Slip Op 06531)

People ex rel. Cassar v Toulon

2025 NY Slip Op 06531

Decided on November 24, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 24, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
HELEN VOUTSINAS
LOURDES M. VENTURA
DONNA-MARIE E. GOLIA, JJ.

2025-13326

[*1]The People of the State of New York, ex rel. Christopher J. Cassar, on behalf of Christopher Loeb, petitioner, 
v
Errol D. Toulon, Jr., etc., et al., respondents.

Christopher J. Cassar, Huntington, NY, petitioner pro se.
Raymond A. Tierney, District Attorney, Riverhead, NY (Danielle Sciarretta of counsel), respondent pro se.

DECISION & JUDGMENT
Writ of habeas corpus in the nature of an application to release Christopher Loeb upon his own recognizance or, in the alternative, to set reasonable bail upon Suffolk County Indictment No. 70215/2024.
ADJUDGED that the writ is sustained, without costs or disbursements, to the extent that the matter is remitted to the Supreme Court, Suffolk County, for further proceedings consistent herewith, and the writ is otherwise dismissed.
The principal, Christopher Loeb, was charged with two counts of assault in the second degree and another offense in Suffolk County Indictment No. 70215/2024. Assault in the second degree is a "qualifying offense" for which bail was set in this case (CPL 510.10[4][a]; see Penal Law § 120.05). The principal posted bail and was released from custody. While the principal was at liberty from these charges, he was arrested and charged with grand larceny in the second degree, among other offenses, in Queens County Indictment No. 14/2025. After the principal was released upon nonmonetary conditions under Queens County Indictment No. 14/2025, the People applied to modify the principal's securing order under Suffolk County Indictment No. 70215/2024 so as to revoke his bail and remand him. The Supreme Court granted the People's application, determining that pursuant to CPL 530.60(2)(b)(iv), an adjustment in bail was warranted, and remanded the principal. The petitioner commenced this proceeding for a writ of habeas corpus in the nature of an application to release the principal upon his own recognizance or, in the alternative, to set reasonable bail.
CPL 530.60 sets forth the procedures and standards for modifying securing orders throughout the course of a pending criminal action or proceeding. Pursuant to CPL 530.60(2)(b)(iv), a court may revoke a securing order and impose a new securing order in accordance with CPL 530.60(2)(d), "the basis for which shall be made on the record or in writing, when the court has found, by clear and convincing evidence, that the defendant stands charged in such action or proceeding with a felony and, after being so charged, committed a felony while at liberty." "In issuing the new securing order, the court shall consider the kind and degree of control or restriction necessary to reasonably assure the principal's return to court and compliance with court conditions, and select a securing order consistent with its determination, taking into account the factors required to be considered under [CPL 510.10(1)], the circumstances warranting such revocation, and the [*2]nature and extent of the principal's noncompliance with previously ordered non-monetary conditions of the securing order subject to revocation under this subdivision" (id. § 530.60[2][d][iii]). Where a court modifies a defendant's bail after the alleged commission of additional eligible felonies, it must make clear on the record that its decision is based on consideration of factors listed in CPL 510.10(1) as applied to the defendant's circumstances and not on the mere allegation that the defendant committed additional felonies (see People ex rel. Rankin v Brann, 41 NY3d 436, 442-443).
Here, the record does not sufficiently demonstrate the basis for the Supreme Court's decision to modify the securing order, since the court failed to consider, on the record or in writing, factors pursuant to CPL 530.60(2)(d)(iii) and 510.10(1), and failed to set forth whether the principal posed a flight risk or its reasoning for the selection of its choice of securing order (see People ex rel. Kon v Maginley-Liddie, ___ NY3d ___, 2025 NY Slip Op 05785; People ex rel. Rankin v Brann, 41 NY3d at 445; People ex rel. Steinagle v Howard, 204 AD3d 1491, 1492).
We therefore sustain the writ to the extent of remitting this matter to the Supreme Court, Suffolk County, for further proceedings to satisfy the requirements of CPL 530.60(2)(d)(iii).
In light of our determination, we do not reach the petitioner's remaining contention.
BARROS, J.P., VOUTSINAS, VENTURA and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court