People ex rel. Darocha v Maginley-Liddie (2025 NY Slip Op 06828)

People ex rel. Darocha v Maginley-Liddie

2025 NY Slip Op 06828

Decided on December 09, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 09, 2025

Before: Webber, J.P., Scarpulla, Rodriguez, Higgitt, Chan, JJ. 

Ind No. 452058/25|Appeal No. 5333|Case No. 2025-04537|

[*1]The People of the State of New York ex rel. Margaret Darocha, on Behalf of Otto Friedman, Petitioner-Appellant,
v
Lynelle Maginley-Liddie, etc., Respondents-Respondents.

Stan German, New York County Defender Services, New York (Dorothy Weldon of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Franklin R. Guenthner of counsel), for respondent.

Judgment (denominated an order), Supreme Court, New York County (Ellen N. Biben, J.), entered July 22, 2025, denying the petition for a writ of habeas corpus and dismissing the proceeding, unanimously reversed, on the law and in the exercise of discretion, without costs, the petition granted and the matter remanded to the bail-setting court for further proceedings.
The habeas court erred when it concluded that the bail court (Althea Drysdale, J.) did not abuse its discretion in continuing monetary bail. The bail court did not comply with the statutory requirements of CPL 510.20(3) and failed to consider the implication of the dismissal of the underlying criminal matters on the initial bail determination pursuant to the harm-on-harm provision of CPL 510.10(4)(t). Furthermore, the bail court did not make an individual determination of flight risk, nor did it analyze the statutorily required CPL 510.10(1) factors. Thus, the court could not "discern [the bail court's] rationale because it did not identify one" (People ex rel. Kon v Maginley-Liddie , __NY3d__, __ , 2025 NY Slip Op 05785, *2 [2025]).
The bail court also erred when it did not consider the implication of the dismissal of the underlying cases on the harm-on-harm analysis. The plain language of CPL 510.10(4)(t) requires the People to show that there exists an underlying offense involving harm to an identifiable person or property. No such offense existed on June 17, 2025, when Justice Drysdale heard petitioner's request for a review of the previous securing order, as the two underlying cases had been dismissed, and no such offense exists now.
Since the bail court abused its discretion and the habeas court erred in denying a writ of habeas corpus, the petition must be reinstated and granted. The matter is remanded to the bail-setting court for further proceedings.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 9, 2025