People ex rel. Larson v Spano (2025 NY Slip Op 06978)

People ex rel. Larson v Spano

2025 NY Slip Op 06978

Decided on December 16, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 16, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
VALERIE BRATHWAITE NELSON
CARL J. LANDICINO
SUSAN QUIRK, JJ.

2025-14497

[*1]The People of the State of New York, ex rel. Sarina Larson, on behalf of Jared Moore-Searles, petitioner, 
v
Joseph K. Spano, etc., respondent.

Susan Cacace, District Attorney, White Plains, NY (Brian R. Pouliot and Raffaelina Gianfrancesco of counsel), for respondent.
Clare J. Degnan, White Plains, NY (Sarina Larson pro se of counsel), for petitioner.

DECISION & JUDGMENT
Writ of habeas corpus in the nature of an application to release Jared Moore-Searles upon his own recognizance or, in the alternative, to reduce bail upon Westchester County Docket Nos. SMZ-72930-25, SMZ-72931-25, SMZ-72932-25, and SMZ-72933-25.
ADJUDGED that the writ is sustained, without costs or disbursements, to the extent that a securing order dated October 24, 2025, is reinstated, and the matter is remitted to the County Court, Westchester County, for a new hearing and determination on the application of Jared Moore-Searles for bail reduction pursuant to CPL 530.30, and the writ is otherwise dismissed.
On October 24, 2025, after arraignment, the City Court of Yonkers set bail for each of the four felony complaints filed against the principal, Jared Moore-Searles, in the sum of $5,000 posted in the form of an insurance company bail bond, the sum of $10,000 posted in the form of a partially secured bond, with the requirement of 10% down, or the sum of $750 deposited as a cash bail alternative. The principal applied to the County Court, Westchester County, for bail reduction pursuant to CPL 530.30. On November 3, 2025, the County Court, in effect, vacated the securing order dated October 24, 2025, and set bail for each of the principal's four felony complaints in the sum of $10,000 posted in the form of an insurance company bail bond, the sum of $20,000 posted in the form of a partially secured bond, with the requirement of 10% down, or the sum of $1,500 deposited as a cash bail alternative. The petitioner then commenced this proceeding for a writ of habeas corpus in the nature of an application to release the principal upon his own recognizance or, in the alternative, to reduce bail.
Pursuant to CPL 530.30(1)(c) and (d), "[w]hen a criminal action is pending in a local criminal court . . . a judge of a superior court holding a term thereof in the county, upon application of a defendant, may order . . . bail when such local criminal court . . . [h]as fixed bail . . . which is excessive; or . . . [h]as set a securing order of release under non-monetary conditions which are more restrictive than necessary to reasonably assure the defendant's return to court." "In such case, such superior court judge may vacate the order of such local criminal court and . . . where authorized, fix bail in a lesser amount or in a less burdensome form, . . . the determination for which shall be made in accordance with [CPL] 510.10" (id. § 530.30[1]).
"[I]t is a bedrock principle of statutory interpretation that 'the Court's primary consideration is to ascertain and give effect to the intention of the Legislature'" (Matter of Town of Southampton v New York State Dept. of Envtl. Conservation, 39 NY3d 201, 209, quoting Matter of Mestecky v City of New York, 30 NY3d 239, 243). "'Since the clearest indicator of legislative intent is the statutory text, the starting point in any case of interpretation must always be the language itself, giving effect to the plain meaning thereof'" (Matter of Wohl v Bruen, 238 AD3d 818, 821 [internal quotation marks omitted], quoting Matter of LaLota v New York State Bd. of Elections, 183 AD3d 785, 788). Here, although a determination pursuant to CPL 530.30 is made de novo (see People ex rel. Nevins v Brann, 67 Misc 3d 638, 648-649 [Sup Ct, Queens County]; People v Lora, 51 Misc 3d 493, 496 [Monroe County Ct]), the plain language of CPL 530.30 does not authorize a superior court judge to order bail in a greater amount or more burdensome form than the bail fixed by the local criminal court (see id.; People v Gruttola, 72 Misc 2d 295, 296 [Crim Ct, NY County]). Accordingly, the writ is sustained to the extent that the principal is restored to his prior bail status pending a new hearing and determination on his application for bail reduction pursuant to CPL 530.30 (see People ex rel. Cassar v Toulon, _____ AD3d _____, _____, 2025 NY Slip Op 06531, *2; People ex rel. Abate v Warden, Eric M. Taylor Ctr., 234 AD3d 899, 900).
In light of our determination, we do not reach the petitioner's remaining contentions.
DILLON, J.P., BRATHWAITE NELSON, LANDICINO and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court