People ex rel. Boksenbaum v Maginley-Liddie (2026 NY Slip Op 00464)

People ex rel. Boksenbaum v Maginley-Liddie

2026 NY Slip Op 00464

Decided on February 2, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 2, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LILLIAN WAN
LAURENCE L. LOVE
ELENA GOLDBERG VELAZQUEZ, JJ.

2026-00456

[*1]The People of the State of New York, ex rel. Anna Boksenbaum, etc., on behalf of Robert Reid, petitioner,
vLynelle Maginley-Liddie, etc., respondent.

Twyla Carter, New York, NY (Anna Boksenbaum pro se of counsel), for petitioner.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Nancy Fitzpatrick Talcott, and Grace C. O'Brien of counsel), for respondent.

DECISION & JUDGMENT
Writ of habeas corpus in the nature of an application to release Robert Reid upon his own recognizance or, in the alternative, to place him in the supervised release program with electronic monitoring upon Queens County Indictment No. 73565/25.
ADJUDGED that the writ is sustained, without costs or disbursements, to the extent that the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent herewith, and the writ is otherwise dismissed.
In September 2025, the principal, Robert Reid, was arraigned in the Criminal Court on a felony complaint charging him with criminal possession of a controlled substance in the third degree (Penal Law § 220.16), a class B felony, and related charges. At the time of arraignment, the principal was on parole for a conviction in a separate criminal matter. The arraignment court set bail for the principal in the amount of $30,000 posted in cash, $90,000 posted in the form of a partially secured bond, with the requirement of 10% down, or $90,000 posted in the form of an insurance company bond.
On December 1, 2025, the principal applied to the Supreme Court for release on his own recognizance or, in the alternative, to be placed in the supervised release program. He argued that the charged offenses were not bail-qualifying offenses under to CPL 510.10(4)(s) and that his parole status did not make the charged offenses bail qualifying under CPL 510.10(4)(r). The court denied the application, concluding that the principal was charged with a bail-qualifying offense pursuant to CPL 510.10(4)(r). The petitioner then commenced this proceeding for a writ of habeas corpus in the nature of an application to release the principal upon his own recognizance or, in the alternative, to place the principal in the supervised release program with electronic monitoring.
"Where the principal stands charged with a qualifying offense, the court, unless otherwise prohibited by law, may in its discretion release the principal pending trial on the principal's own recognizance or under non-monetary conditions, fix bail, or order non-monetary conditions in conjunction with fixing bail, or, where the defendant is charged with a qualifying offense which is a felony, the court may commit the principal to the custody of the sheriff" (id. § 510.10[4]). Under CPL 510.10(4)(r), a principal stands charged with a bail-qualifying offense when he or she stands charged with "any felony offense . . . while serving a sentence of probation or while released to post release supervision."
"[I]t is a bedrock principle of statutory interpretation that 'the Court's primary consideration is to ascertain and give effect to the intention of the Legislature'" (Matter of Town of Southampton v New York State Dept. of Envtl. Conservation, 39 NY3d 201, 209, quoting Matter of Mestecky v City of New York, 30 NY3d 239, 243). "Since the clearest indicator of legislative intent is the statutory text, the starting point in any case of interpretation must always be the language itself, giving effect to the plain meaning thereof" (People ex rel. Larson v Spano, ____ AD3d ____, ____, 2025 NY Slip Op 06978, *1 [internal quotation marks omitted]; see People ex rel. Ellis v Imperati, ____ NY3d ____, ____, 2025 NY Slip Op 03646, *4). Here, contrary to the People's contention, the plain language of CPL 510.10(4)(r) refers only to probation and postrelease supervision; it does not refer to parole, which is an entirely separate category of release (see Executive Law § 259; Penal Law § 70.45). Had the Legislature intended to incorporate parole into CPL 510.10(4)(r), it could have done so (see People v Finnegan, 85 NY2d 53, 58). Thus, since the principal was on parole rather than serving a sentence of probation or released to postrelease supervision, the Supreme Court erred in concluding that he was charged with a bail-qualifying offense within the meaning of CPL 510.10(4)(r).
Moreover, the principal's charged drug-related offenses are not bail qualifying pursuant to CPL 510.10(4)(s) (see People v Boykins, 161 AD3d 183, 187).
Accordingly, we sustain the writ to the extent of remitting the matter to the Supreme Court, Queens County, for further proceedings consistent herewith.
In light of our determination, we do not reach the petitioner's remaining contention.
BRATHWAITE NELSON, J.P., WAN, LOVE and GOLDBERG VELAZQUEZ, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court